GRAHAM M. CRIDLAND (pro hac vice pending)
gcridland@ericksenarbuthnot.com
GABRIEL ULLRICH  (pro hac vice pending)
gullrich@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
100 Howe Avenue, Suite 110 South
Sacramento, CA  95825
Telephone: (916) 483-5181
Facsimile: (916) 483-7558


DANIEL E. VINISH
daniel.vinish@squirepb.com
SQUIRE PATTON BOGGS LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 872-9814
Facsimile: (212) 872-9815

*Attorneys for Anhui Konka
Green Lighting Co., Ltd.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANHUI KONKA GREEN LIGHTING CO., LTD., | ) Case No.: |
| | ) |
| | ) Complaint for Breach of Contract, Fraud, |
| Plaintiff, | ) and Unjust Enrichment |
| v. | ) |
| | ) Jury trial demanded |
| GREEN LOGIC LED ELECTRICAL | ) |
| SUPPLY, INC., GEORGE GEFFEN, | ) |
| DANIEL L. YU, and Does 1-100. | ) Date Complaint Filed: |
| | ) Trial Date: |
| Defendants | |

Complaint for Damages                                                                                    Page 1

# TABLE OF CONTENTS

Preliminary Statement                                                3

Jurisdiction and Venue                                               4

The Parties                                                          5

The Business Relationship                                            5

Claim One: Breach of Contract                                        9

Claim Two: Fraud (as against Daniel L. Yu)                          10

Claim Three: Fraud (as against George Geffen)                       11

Claim Four: Fraud (as against Green Logic LED Electrical Supply, Inc.)   12

Claim Five: Quantum Meruit                                          13

Prayer                                                              14

**PRELIMINARY STATEMENT**

1.     Anhui Konka Green Lighting Co., Ltd. ("Konka") is in the business of manufacturing and selling LED lights which are of high quality and qualify for various benefits to the seller and end user under applicable law in the United States. Konka brings this action because its customer, Green Logic LED Electrical Supply, Inc., ("GLL") made false representations in order to induce it to do business with GLL and to continue to provide product on credit. GLL defrauded Konka and failed to pay for the merchandise which was delivered.

2.     In February, 2017, representatives of Konka visited the offices of GLL in New York, at 206 E. Jericho Turnpike, Mineola, NY.

3.     While at GLL's offices, the founder and Chief Executive Officer of GLL, George Geffen, introduced Konka to GLL employee Daniel Yu, who was part of a China based team evaluating potential partners and products for sale in the United States.

4.     One of Konka's products is LED lighting panels, which are produced in Huizhou, China and sold on to end users and distributors worldwide. GLL expressed an interest in purchasing Konka's products.

5.     Thereafter, GLL obtained Konka's products in specimen form and examined them at GLL's facility in Shenzen, China. GLL confirmed that the quality of the product was good and began to order products. GLL provided written purchase orders for product, and the product was shipped FOB Nanjing to GLL in New York. GLL took possession of the product, and began to sell the product to its customers as part of its regular business.

6.     During the time that GLL purchased product from Konka, Konka was protected against default by China Export and Credit Insurance Corporation and a program called Sinosure. That program would vet potential buyers and provide protection against default up to specified amounts. However, GLL wanted to buy more of Konka's products than the specified amount.

7.     In order to qualify for Sinosure, Daniel Yu, in the course and scope of his employment with GLL, told Konka that GLL had affiliate companies which could qualify for Sinosure and for which he was authorized to make purchases, JED Lights, Inc., and Instyle USA, Inc.

8.      Pursuant to purchase orders submitted on behalf of JED Lights, Inc., and Instyle USA, Inc., Konka shipped product against additional purchase orders which were provided by Mr. Yu on behalf of JED Lights, Inc., and Instyle USA, Inc. but which provided for the same delivery instructions as the prior purchase orders.

9.      Konka is informed and believes that Mr. Yu was acting in concert with officer, managers, and directors of GLL in order to obtain additional Konka product for sale.

10.     Konka is informed and believes that Mr. Yu was never authorized to act for JED Lights, Inc., and Instyle USA, Inc., and misrepresented his authority to Konka, forged the purchase orders submitted to Konka, and tricked Konka into selling additional product.

11.     GLL did not pay Konka for the product it received.  The contract value of unpaid merchandise is $1,923,812.00, less payments of $105,750.00.  Following an extended period of nonpayment, Konka held delivery of the last shipment of goods. The value of product not delivered was $208,125.00.  The amount GLL owed as a matter of simple contract is $1,609,963.00.

12.     Sinosure refused to honor the JED Lights, Inc., and InStyle USA, Inc., invoices as a result of the misrepresentations made by GLL, Daniel Yu, and Michael Kwang.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1332.

14.     Personal jurisdiction over Defendant is proper pursuant to N.Y. C.P.L.R. § 302(a). Upon information and belief, Defendant regularly has solicited business in the State of New York and in this District, has transacted and done business in the State of New York and in this District, has wrongfully caused injury to Konka in the State of New York and in this District, and derives substantial revenue from interstate commerce. In particular, without limitation and upon information and belief, GLL has purchased Konka's products and the products of other foreign corporations and conducted business operations including but not limited to product evaluation, sales, purchasing, and finance across state borders.

15.     Venue in this Court is proper under 28 U.S.C. § 1391(b), (c) and (d), because a substantial part of the events and omissions giving rise to the claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

16.     GLL, full name Green Logic LED Electrical Supply, Inc., is a New York Corporation with its "Head Office" according to its website located at GLLUSA.com located at 75 Marine Street, Farmingdale, New York 11735.

17.     George Geffen is an individual, a resident and domiciliary of the State of New York, and at all relevant times an employee and officer of Green Logic LED Electrical Supply, Inc.

18.     Daniel L. Yu ("Daniel Yu") is an individual, a resident and domiciliary of the State of New York, and at all relevant times an employee and officer of Green Logic LED Electrical Supply, Inc.

19.     Konka, full name Anhui Konka Green Lighting Co., Ltd., is a company domiciled in China.  It maintains a facility at No. 2145 Hudong South Road, Yushan Area, Ma'anshan, Anhui Province, China.

## THE BUSINESS RELATIONSHIP

20.     On or about February 13, 2017, Mr. Yidi Zhang and Mr. Ling Liu from Konka visited the offices of GLL at 206 E. Jericho Turnpike, Mineola NY.  In the GLL office, Konka had an initial business meeting with Mr. George Geffen.  Mr. Geffen introduced Mr. Daniel Yu who was in China to Konka, saying Daniel was one of the business operations leaders of GLL who was taking care of vendors and sourcing for GLL. During the visit, Yidi, George, Daniel and Ling had a conference call together during which Mr. Geffen confirmed Mr. Yu was an employee and authorized person to enter into contracts for GLL.

21.     Thereafter in February 2017, after the meeting in Mineola, Mr. Daniel Yu and his associate Michael Kuang, who was also a GLL employee, visited Konka's Huizhou factory. GLL requested, and Konka sent panel light samples to GLL's Shenzhen office for evaluation.

22.     On or about February 24, 2017 GLL started to issue Purchase Orders to Konka through TradeGecko, an electronic portal for the verification and management of supply chains and purchases. Each purchase order was sent to and received on behalf of Konka by Ling Liu via email at Ben.liu@konkagreenlighting.com. At this time Konka received Purchase Orders numbered 10137, 10138, 10139, 10140, 10141, 10142, 10143, 10144.

23.     On or about March 5, 2017 Daniel Yu modified these orders.  On behalf of GLL Daniel Yu combined certain purchase orders and consolidated the orders, without changing the overall requirements of the purchase orders themselves. Purchase Orders 10138, 10139 and 10140 were combined into Purchase Order 10137 and Purchase Orders 10142, 10143 and 10144 were combined in Purchase Order 10141.

24.     In February and March, acting on the basis of GLL's orders for goods, Konka produced the products set forth in the purchase orders in execution of the offer embodied in the purchase orders and notified GLL that the offers were accepted.

25.     In or about March 2017, Michael Kuang came to a Konka factory to inspect the first batch of goods.  Michael Kuang started to discuss GLL's intention to submit additional Purchase Orders.  Konka raised with Mr. Kuang raised the problem of the limitations of the China Export and Credit Insurance Corporation - Sinosure – which would act as a limit on the amount of product GLL could order and have filled by Konka without upfront payment.

26.     On or about March 25, 2017, Michael Kuang provided the company information of "In Style USA, LLC" to Konka and requested that Konka submit "In Style USA, LLC" to the China Export and Credit Insurance Corporation for Sinosure credit line application purpose. Daniel Yu and Michael Kuang represented in a business meeting conducted over the internet platform "WeChat" that Mr. Daniel Yu or his family owned "In Style USA, LLC" and Mr. Yu was also authorized to conduct business on behalf of that company.

27.     Mr. Yu represented to Konka that "In Style USA, LLC" was a separate company which desired to import LED lights.  This representation was false.  Mr. Yu knew that this

representation was false when he made it.  The representation was made to induce Konka to ship additional products to GLL on credit, for which Mr. Yu knew Konka would not be paid.

28.     Mr. Kuang, in the course and scope of his employment with GLL, represented to Konka that "In Style USA, LLC" was a separate company which desired to import LED lights.  This representation was false.  Mr. Kuang knew that this representation was false when he made it.  The representation was made to induce Konka to ship additional products to GLL on credit, for which Mr. Kuang knew Konka would not be paid.

29.     On information and belief, Mr. Kuang and Mr. Yu obtained purchase orders from GLL for Konka products, and modified those purchase orders to say "In Style USA, LLC" in order to defraud Konka.

30.     On or about April 20, 2017, Michael Kuang provided the company information of "JED Lights, Inc." to Konka and requested that Konka submit "In Style USA, LLC" to the China Export and Credit Insurance Corporation for Sinosure credit line application purpose. Daniel Yu and Michael Kuang represented in a business meeting conducted over the internet platform "WeChat" that Mr. Daniel Yu or his family owned "In Style USA, LLC" and Mr. Yu was also authorized to conduct business on behalf of that company.

31.     Mr. Yu represented to Konka that "JED Lights, Inc." was a separate company which desired to import LED lights.  This representation was false.  Mr. Yu knew that this representation was false when he made it.  The representation was made to induce Konka to ship additional products to GLL on credit, for which Mr. Yu knew Konka would not be paid.

32.     Mr. Kuang represented to Konka that "JED Lights, Inc." was a separate company which desired to import LED lights.  This representation was false.  Mr. Kuang knew that this representation was false when he made it.  The representation was made to induce Konka to ship additional products to GLL on credit, for which Mr. Kuang knew Konka would not be paid.

33.     On information and belief, Mr. Kuang and Mr. Yu obtained purchase orders from GLL for Konka products, and modified those purchase orders to say "JED Lights, Inc." in order to defraud Konka.

34.     In furtherance of this fraud, GLL issued on April 10, 2017 Purchase Order 10155, which was modified by Mr. Kuang and Mr. Yu, to Konka.

35.     In reliance upon the representations of GLL employees Mr. Yu and Mr. Kuang, Konka submitted "In Style USA, LLC" and "JED Lights, Inc." to the Sinosure program.

36.     On or about April 26 2017, Mr. Daniel Yu, thru his company's email box, modified GLL's Purchase Orders to indicate that GLL Purchase Orders were, in fact, coming from "Instyle USA, LLC" and "JED Lights, Inc." as part of his continuing scheme and plan to benefit GLL by deceiving Konka.

37.     On or about June 16 2017, GLL issued Purchase Order 10162 and Purchase Order 10163 to Konka.

38.     On Purchase Orders denominated by Daniel Yu and Michael Kuang of GLL as being on behalf of GLL, Konka shipped products valued on the purchase orders and agreed between the parties at $796,422.00 to New York, USA.  GLL received and accepted these goods.

39.     On Purchase Orders denominated by Daniel Yu and Michael Kuang of GLL as being on behalf of "Instyle USA, LLC," Konka shipped products valued on the purchase orders and agreed between the parties at $775,735.00 to New York, USA.  GLL received and accepted these goods.

40.     On Purchase Orders denominated by Daniel Yu and Michael Kuang of GLL as being on behalf of "JED Lights, Inc.," Konka shipped products valued on the purchase orders and agreed between the parties at $351,645.00 to New York, USA.  GLL received and accepted these goods.

41.     On June 20, 2017, Konka received a partial payment from GLL in the amount of $54,750.00.

42.     On June 26, 2017, Konka received a partial payment from GLL in the amount of $51,000.00.

43.     GLL never paid the remaining money due to Konka, despite repeated promises and requests since June, 2017.  Sinosure refused to pay Konka based on its policies because "Instyle USA, LLC" and "JED Lights, Inc." did not actually receive the goods, GLL received the goods.

### FIRST CLAIM - BREACH OF CONTRACT
#### (As against GLL)

44.     Konka incorporates by reference the allegations of paragraphs 1-41 into this cause of action as though fully set forth here.

45.     Konka offered its products for sale according to the terms and conditions set forth in its standard terms and conditions for sale on or before February, 2017.

46.     GLL accepted Konka's offer by issuing purchase orders to Konka at agreed upon prices for particular quantities of product set forth in Purchase Orders numbered 10137, 10138, 10139, 10140, 10141, 10142, 10143, 10144, 10155, 10162, and 10163.

47.     Konka's offer, the communications between GLL, its employees, and Konka, and the purchase orders together are a valid and binding oral contract for sale of goods.  The parties intended to enter into a legally binding agreement. The contract was entered into in China and the United States with the expectation of performance in the State of New York within the jurisdictional boundaries of the Southern District of New York.

48.     Konka has performed all its obligations under its contract with GLL, except those obligations excused by conduct of GLL or its agents.

49.     GLL breached the contract by accepting Konka's goods but failing to pay the amounts due under the Purchase Orders.  GLL was obligated to pay $1,923,802.00 but paid only $105,750.00.

50.     By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,818.052.00.

## SECOND CLAIM – FRAUD
### (As against Daniel L. Yu)

51.     Konka incorporates by reference the allegations of paragraphs 1-41 into this cause of action as though fully set forth here.

52.     At all relevant times, Daniel Yu was an employee and officer of GLL.

53.     Daniel Yu's representations to Konka concerning GLL's relationship to Instyle USA, LLC and JED Lights, Inc. (the "Fabricated Affiliates"), Daniel Yu's and Michael Kuang's authority to act on behalf of the Fabricated Affiliates, and Daniel Yu's and Michael Kuang's authority to bind the Fabricated Affiliates to product purchase orders with Konka were false.

54.     Daniel Yu knew when he made the foregoing representations to Konka that the representations were false.

55.     In reliance on the foregoing false representations, Daniel Yu and Michael Kuang, with George Geffen's knowledge, submitted fabricated product purchase orders on behalf of the Fabricated Affiliates to Konka.

56.     Daniel Yu knew Konka would rely on the foregoing false representations to fulfill product purchase orders that Daniel Yu and/or Michael Kuang fabricated to be from the Fabricated Affiliates that required delivery to GLL in New York.

57.     Daniel Yu made the foregoing false representations with the intention of securing delivery of additional Konka products in New York without payment to Konka.

58.     Daniel Yu, George Geffen and others acting on GLL's behalf caused GLL to accept delivery of Konka products that Konka delivered in reliance on the foregoing false representations without payment to Konka.

59.     In reliance on the foregoing false representations to Konka, Konka agreed to ship and later delivered in New York $1,127,380.00 of Konka products.

60.     None of the Defendants has paid for the Konka products that Konka delivered to New York to the Fabricated Affiliates.

61.     By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,127,380.00.

## THIRD CLAIM – FRAUD
### (As against George Geffen)

62.     Konka incorporates by reference the allegations of paragraphs 1-41 into this cause of action as though fully set forth here.

63.     At all relevant times, George Geffen was an employee and officer of GLL.

64.     After introducing Daniel Yu to Konka, George Geffen knew that Daniel Yu and Michael Kuang were falsely representing GLL's relationship to the Fabricated Affiliates, Michael Kuang's and Daniel Yu's authority to act on behalf of the Fabricated Affiliates, and Michael Kuang's and Daniel Yu's authority to bind the Fabricated Affiliates to product purchase orders with Konka.

65.     George Geffen knew that Daniel Yu and Michael Kuang were making the foregoing false representations to Konka in order to secure delivery of additional Konka product to GLL in New York without payment to Konka.

66.     In reliance on the foregoing false representations, Daniel Yu and Michael Kuang, with George Geffen's knowledge, submitted fabricated product purchase orders on behalf of the Fabricated Affiliates to Konka.

67.     George Geffen knew Konka would rely on the foregoing false representations to fulfill the product purchase orders from the Fabricated Affiliates that required delivery to GLL in New York.

68.     As an officer of GLL and the GLL representative responsible for introducing Daniel Yu to Konka, George Geffen had a duty to disclose to Konka his knowledge of the foregoing false representations and to reject any Konka products delivered by Konka to GLL in reliance on the foregoing false representations.

69.    George Geffen, Daniel Yu, and others acting on GLL's behalf caused GLL to accept delivery of Konka products that Konka delivered in reliance on the foregoing false representations without payment to Konka.

70.    In reliance on the foregoing false representations to Konka, Konka agreed to ship and later delivered in New York $1,127,380.00 of Konka products.

71.    None of the Defendants has paid for the Konka products that Konka delivered to New York to the Fabricated Affiliates.

72.    By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,127,380.00.

## FOURTH CLAIM – FRAUD
### (As against GLL)

73.    Konka incorporates by reference the allegations of paragraphs 1-41 into this cause of action as though fully set forth here.

74.    At all relevant times, Daniel Yu and Michael Kuang were employees and officers of GLL, holding themselves out to Konka as authorized by GLL to act on its behalf.

75.    Daniel Yu and Michael Kuang falsely represented to Konka that GLL authorized Daniel Yu and Michael Kuang to act on behalf of the Fabricated Affiliates to bind the Fabricated Affiliates to product purchase orders with Konka.

76.    Daniel Yu and Michael Kuang were aware the foregoing representations were false when made to Konka, yet made the representations to benefit GLL and with GLL's support and knowledge, including the support and knowledge of George Geffen.

77.    In reliance on the foregoing false representations, Daniel Yu and Michael Kuang, with George Geffen's knowledge, submitted fabricated product purchase orders on behalf of the Fabricated Affiliates to Konka.

78.    Daniel Yu, Michael Kuang, and George Geffen knew that Konka would rely on the foregoing false representations to fulfill the product purchase orders received from the Fabricated Affiliates that required delivery to GLL in New York.

79.     Daniel Yu and Michael Kuang made, and George Geffen was aware they were making, the foregoing false representations with the intention of securing delivery of additional Konka products in New York without payment to Konka.

80.     In reliance on the foregoing false representations to Konka, Konka agreed to ship and later delivered to GLL in New York $1,127,380.00 of Konka products.

81.     GLL ratified the foregoing false representations and the Fabricated Affiliates' product purchase orders by accepting delivery from Konka in New York of products delivered in fulfillment of the Fabricated Affiliates' product purchase orders.

82.     Despite accepting delivery from Konka in New York of products delivered in fulfilment of the Fabricated Affiliates' product purchase orders, GLL has failed or refused to pay Konka for such products.

83.     By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,127,380.00.

## FIFTH CLAIM – QUANTUM MERUIT
### (As against GLL)

84.     Except as regards the written contract pled in the alternative, Konka incorporates by reference the allegations of paragraphs 1-41 into this cause of action as though fully set forth here.

85.     Konka provided goods valued at least $1,923,802.00 to GLL in the expectation of payment in the amount of that amount.

86.     GLL accepted the good in the ordinary course of business and paid Konka in part, admitting its obligation.

87.     GLL benefited from receipt of the goods and has continued to sell the goods in the retail market since obtaining them from Konka.

88.     GLL has not paid the reasonable value of the goods received.

89.     By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,818.052.00.

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

[reminder of page intentionally left blank]

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1.      as against GLL on the First Claim for Breach of Contract, a judgment awarding Plaintiff:

   a)  compensatory damages in an amount to be determined at trial, but not less than $1,818.052.00;

   b)  incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

   c)  pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

2.      as against Daniel Yu on the Second Claim for Fraud, a judgment awarding Plaintiff:

   a)  compensatory damages in an amount to be determined at trial, but not less than $1,127,380.00;

   b)  incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

   c)  pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

3.      as against George Geffen on the Third Claim for Fraud in the Inducement, a judgment awarding Plaintiff:

   a)  compensatory damages in an amount to be determined at trial, but not less than $1,127,380.00;

   b)  incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

   c)  pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

4.     as against GLL on the Fourth Claim for Fraud, a judgment awarding Plaintiff:

     a)  compensatory damages in an amount to be determined at trial, but not less than $1,127,380.00;

     b)  incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

     c)  pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

5.     as against GLL, on the Fifth Claim for Quantum Meruit, a judgment awarding Plaintiff:

     a)  compensatory damages in an amount to be determined at trial, but not less than $1,818.052.00; and

     b)  pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

6.     as against all Defendants, a judgment awarding Plaintiff such other and further relief as this Court deems just and proper.

DATED:  December 27, 2018

                            SQUIRE PATTON BOGGS LLP

                            BY:    Daniel E. Vinish Esq.
                            30 Rockefeller Plaza, 23rd Floor
                            New York, New York 10112
                            Telephone: (212) 872-9814
                            Facsimile: (212) 872-9815

                            Graham M. Cridland (pro hac vice pending)
                            Gabriel Ullrich  (pro hac vice pending)
                            ERICKSEN ARBUTHNOT
                            100 Howe Avenue, Suite 110 South
                            Sacramento, CA  95825
                            Telephone: (916) 483-5181
                            Facsimile: (916) 483-7558

                            *Attorneys for Plaintiff Anhui Konka Green Lighting Co., Ltd.*