UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANHUI KONKA GREEN LIGHTING CO., LTD.,

　　　　　　　　Plaintiff,

-against-

GREEN LOGIC LED ELECTRICAL SUPPLY, INC.,

　　　　　　　　Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2020

1:18-cv-12255 (MKV) (KHP)

**ORDER OVERRULING OBJECTION TO RULING OF THE MAGISTRATE JUDGE**

MARY KAY VYSKOCIL, United States District Judge:

　　Defendant Green Logic LED Electrical Supply, Inc. ("GLL") objects [ECF #168-69] to a decision of Magistrate Judge Katharine A. Parker, to whom this case is referred for supervision of discovery. *See* ECF #139. Defendant previously filed a motion for sanctions against Plaintiff Anhui Konka Green Lighting Co., Ltd. ("Konka") for its failure to reduce its claim by the amount of an insurance payment received as indemnity for the losses it claims in this action. Magistrate Judge Parker denied the motion on procedural and substantive grounds. For the reasons stated herein, Magistrate Judge Parker's decision is AFFIRMED, and Defendant's Objection is OVERRULED and DENIED.

　　The Court assumes familiarity with the facts of this case and otherwise incorporates the facts as stated in the Court's Opinion and Order Granting the Counterclaim and Third-Party Defendants' Motions to Dismiss, also entered today. The facts underlying GLL's objection here are largely the same as those underlying its Fourth Counterclaim and both Third-Party Claims.

　　The Court's review of a Magistrate Judge's ruling on a non-dispositive issue is narrow. The decision will only be overturned if it is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A Magistrate Judge's findings may be considered "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been

committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted).  An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *SEC v. Thrasher*, No. 92-cv-6987, 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted).  In other words, "a party seeking to overturn a discovery order bears a heavy burden." *Gao*, 2020 WL 352641, at *2 (internal quotation omitted).  Defendant fails to carry that burden here.

First, GLL's objection to Magistrate Judge Parker's Order is untimely.  Federal Rule of Civil Procedure 72 provides that a party may object to a Magistrate Judge's order "within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to." *See* Fed. R. Civ. P. 72(a).  Here, Magistrate Judge Parker's decision was issued on March 23, 2020.  That day, Magistrate Judge Parker held a telephonic conference with the Parties, during which time she apparently announced her ruling on the motion. *See* Memorandum in Support of Defendant's Objection, ECF #169, at 1-2.  Magistrate Judge Parker also, however, entered an Order on the ECF docket memorializing the decision. *See* ECF #139.  It states:

> ORDER denying 135 Motion for Sanctions. This motion was improperly filed as counsel did not first request a pre-motion conference in accordance with this Court's individual practices. Additionally, as discussed at the 3/23/2020 telephone conference, this motion is inappropriate. The impact of Plaintiff's receipt of insurance money that reimburses it for some of its alleged damages is a legal issue to be briefed later in the case. Accordingly, this motion is denied. (HEREBY ORDERED by Magistrate Judge Katharine H. Parker) (Text Only Order) (Parker, Katharine) (Entered: 03/23/2020)

Courts regularly consider filing on the electronic case filing ("ECF") docket to be effective service for all parties who have entered an appearance. *See, e.g.*, *Nimkoff v. Drabinsky*,

No. 17-cv-04458 (PKC) (RML), 2020 WL 3804458, at *1 n.2 (E.D.N.Y. July 7, 2020) (deeming filing on ECF to be effective service on non-defaulting defendants); *Hamilton v. Navient Solutions, LLC*, 2019 WL 633066, at *4 (S.D.N.Y. Feb. 14, 2019) (noting that a document was "served" by filing on the electronic docket).  The Court's ECF system notes that Defendant first appeared in this action in January 2019.  As a result, Defendant was served with Magistrate Judge Parker's decision upon its filing on ECF on March 23, 2020 following the telephonic conference.  Thus, Defendant's time to object to the ruling expired on April 6, 2020, ten days before the Objection was finally filed.  *See* ECF #168.  Defendant's objection is untimely.

Second, even if the objection were timely, the Objection fails on the merits.  Defendant's argue that Plaintiff should be sanctioned for refusing to amend its complaint and to lower its damages demand in light of a payment received from its insurer for the losses alleged in this case.  This argument also was the subject of three counterclaims and third-party claims that Defendant raised, and which the Court dismissed by a separate opinion today.  For the same reasons, the Objection on the same grounds fails.

Specifically, Plaintiff did not have to amend its complaint following the insurance payment and no provision of law states otherwise.  Instead, Plaintiff's recovery could be affected by this "collateral source" payment, after further litigation over whether and how the payment offsets any recovery here.  *See, e.g.*, *Elias Props. East Setauket, LLP v. Kohl's Dep't Stores, Inc.*, No. 04-cv-01274 (JS)(MLO), 2006 WL 8441143, at *5 (E.D.N.Y. June 13, 2006) ("The collateral source rule apparently applies to breach of contract claims as well" and submitting the question of damages to a jury).  *But see Aretakis v. Cole's Collision*, 165 A.D.3d 1458, 1460 (3d Dep't 2018) ("[I]t is true that the common-law collateral source rule . . . does not apply to breach of contract claims").  Undoubtedly then, Plaintiff was not committing sanctionable conduct by

refusing to amend its damages demand in response to GLL's arguments.  Magistrate Judge Parker's decision, likewise, is correct.

Finally, the Court will take this opportunity to review the conduct of discovery overall in this case.  To date, discovery has been an extensive and incredibly contentious process, prolonged, it seems, only by the Parties' inability adequately to meet and confer with each other.  Instead, both sides have filed numerous motions to compel discovery and for sanctions.  *See, e.g.*, ECF #67, 72, 109-117, 135.  The Parties have continued with this despite the very first motion for sanctions filed in the case being denied as "needlessly provocative" and "calculated to inconvenience counsel's adversary."  *See* Order Denying Motion for Sanctions, ECF #71, dated Dec. 20, 2019.  Meanwhile, despite her best efforts to keep the case moving forward, Magistrate Judge Parker has been forced to intervene in the parties' disputes and has been required to issue orders to show cause regarding sanctions against the Defendant for failure to comply with her discovery orders multiple times.  *See* ECF #91, 118.  Nonetheless, the Parties continue to conduct discovery seemingly only through motion practice, with additional applications to be heard by Magistrate Judge Parker later this month.  *See, e.g.*, ECF #178, 182, 186, 195, 201-209.  While the most shameful conduct appears largely to be that of Defendant's counsel, both Parties actions in discovery to date are poor and border on sanctionable.

For the reason stated herein, Magistrate Judge Parker's decision [ECF #139] denying Defendant's motion for sanctions is AFFIRMED and Defendant's Objection [ECF #168] is OVERRULED and DENIED.

**SO ORDERED.**

Date:  September 9, 2020  
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**