UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANHUI KONKA GREEN LIGHTING CO., LTD.

                                        Plaintiff,

            -against-

GREEN LOGIC LED ELECTRICAL SUPPLY, INC., et al.

                                        Defendants.

-----------------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #:_____               │
│ DATE FILED: _9/25/2020____           │
└─────────────────────────────────────┘
```

<u>**OPINION AND ORDER ON**</u>
<u>**DISCOVERY MOTIONS**</u>

**18-CV-12255 (MKV) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

        This case arises out of Defendant, Green Logic LED Electrical Supply, Inc. ("Green Logic"),

and its founder and CEO, Defendant George Geffen, failing to pay Plaintiff, Anhui Konka Green

Lighting Co., Ltd. ("Konka") for LED lights.  According to Plaintiff, its insurer, China Export and

Credit Insurance Corporation's Sinosure program ("Sinosure"), limited the number of LED lights

Green Logic could order from Konka without up-front payment.  As a way around the Sinosure

rules, Green Logic employees Michael Kang and Daniel Yu changed the name on the purchase

orders to reflect that Green Logic's affiliate companies, In Style USA, Inc. ("In Style") and JED

Lights, Inc., ("JED Lights") be named as the companies ordering the shipments of lights for

Green Logic.  Konka ultimately shipped over $1 million of LED lighting to Green Logic pursuant

to twelve purchase orders, but Green Logic and its affiliates did not pay for them.  Green Logic

sold some of the lights to its customers and contends that other lights were damaged upon

arrival.  Sinosure found out about the scheme and refused to fully insure Konka against the

default.

Discovery in this case has been unnecessarily contentious.  Defendant has been particularly evasive and provided contradictory and shifting information to the Court about whether Green Logic is still in business, the nature of Yu's relationship with Green Logic and Geffen, and the location, existence, and destruction of relevant documents and communications.  With regard to Green Logic and its successors, defense counsel first told the Court that Green Logic was in business and had about $3 million in sales per year.  Then defense counsel informed the Court that Green Logic was not in business but that its successor in interest, General LED Corporation (also called "GLL USA"), was in business.  This Court was compelled to order Geffen to appear personally in Court to answer the Court's questions about the status of Green Logic and successor entities.  Geffen informed the Court that he created General LED and that General LED purchased the assets of Green Logic.  He also stated that he was president of a company called NRG Technologies USA, Inc. ("NRG") but did not know who owned that company.  Defense counsel also has been evasive about Mr. Yu and his family's ownership interest and relationship to the various entities mentioned above and intentionally thwarted this Court's orders to produce Mr. Yu for a deposition.   Plaintiff has requested but not received complete information previously ordered to be produced by this Court as to Green Logic's successors and affiliates and their owners and executives.

The parties have been unable to have effective meet and confer conferences and seem unwilling or unable to satisfy their obligations under Federal Rule of Civil Procedure 1. Presently before the Court are four motions:  Green Logic's Motion to Compel Konka to answer certain interrogatories (ECF No. 195); Konka's Motion to Compel Green Logic to produce

documents (ECF No. 201); Konka's Motion to Compel non-parties General LED Corp., NRG

Technologies USA, Inc. and JED Lights Inc. to comply with subpoenas (ECF No. 203); and Konka's

Motion to file an amended complaint to add Defendant's shareholders Richard Geffen and

Marvin Yu and successor entities General LED Corp. and NRG Technologies USA, Inc. as parties

(ECF No. 199.)  The Court held a telephonic conference to hear argument from the parties on

the motions.  The following are the Court's rulings.

**Green Logic's Motion to Compel Konka to Answer Certain Interrogatories (ECF No. 195)**

Defendants seek answers to interrogatories served at the outset of this case seeking

facts upon which certain allegations in the complaint are based.  The interrogatories are

contention interrogatories and were not appropriately served at the outset of discovery per

Local Rule 33.3.  Under this rule, interrogatories at the commencement of discovery must be

restricted to those seeking names of witnesses with knowledge of relevant information,

damages computations, and the existence, custodian, and location of relevant documents.

Contention interrogatories may not be served until the end of discovery and at least 30 days

prior to the discovery cut-off date.

At this point in the case, the Court will permit contention interrogatories.  Therefore,

Plaintiff's prior objection that the interrogatories violated Local Rule 33.3 is no longer a valid

objection.  To the extent Plaintiff objects to the interrogatories as not having been properly

served, that objection is overruled.  While it is true that the parties had not yet agreed to

service by email when the interrogatories were served, at this point, that objection is not a

basis to object and involve the court.  To the extent Plaintiff objects because the interrogatories

are overbroad and Defendants' motion is unclear, Plaintiffs have more solid ground on which to

support their objections.  It is not entirely clear which interrogatories Defendants contend have

not been properly answered.  Defendants provided written responses and objections to formal

interrogatories served on November 8, 2019.  From reading them, the Court presumes that

Defendants are not satisfied with the various interrogatories seeking:

- The facts upon which certain allegations are based in paragraphs 9, 10, 14, 18, and 29 of the complaint.  These paragraphs assert certain things based on information and belief; specifically, that Daniel Yu acted in concert with officers, managers, and directors of GLL but was never authorized to act for In Style or JED Lights, that Yu resides in New York and was an employee and officer of Green Logic, that Yu and Geffen were officers and employees of GLL, that GLL has conducted business in New York and across state borders, and that Yu and Kuang falsified GLL purchase orders to appear as though they were authorized by GLL affiliates with an intent to defraud.
- The actions Plaintiff took to ascertain the truth or falsity of the representations in paragraphs 10, 12, 35, 38, 39, 40, 42, 51, 53, 54, 56, 57, 58, 64, 67, 68, 69, 75, 77, 78, 79, 80, 86, 89 of the complaint.  These paragraphs all relate to the validity of the purchase orders for the lights and the representations of Daniel Yu and Michael Kuang that they were employees and officers of GLL and authorized to order lights on behalf of GLL and that the lights should be delivered to and for the benefit of In Style USA and JED Lights.
- The facts supporting Plaintiff's allegations that Defendants knowingly misrepresented facts.
- The facts upon which Plaintiff asserts that Kuang and Yu falsified purchase orders with an intent to defraud and hide the identity of the de facto buyer.

To the extent these interrogatories relate to fraud claims that have been dismissed, Defendant

need not provide any additional or more specific responses.  To the extent Plaintiff intends to

rely on documents, it may point Defendants to documents upon which its allegations on the

remaining claims are based in a supplementation to its initial disclosures.  To the extent Mr. Yu

and Mr. Kuang's roles and association with GLL has been made clear by Defendants through

document production and deposition testimony, Plaintiffs need not provide any further answer

to Defendants' interrogatories.  To the extent their roles are not clear, Defendants shall provide

that information to Plaintiff by October 2, 2020 to the extent Defendants have not done so already.  It is patent from the documents before the Court that Defendants have been playing games with discovery and that their interrogatories and the present motion were not intended to illuminate but rather to unduly burden Plaintiff.  Therefore, Defendants' motion is DENIED.

**Konka's Motion to Compel Defendants to Produce Documents (ECF No. 201)**

Plaintiff seeks certain information, including the purchase orders in question and drafts or copies thereof maintained by Defendants, communications related to the purchase of the lights from Plaintiff, sales records reflecting the resale of the lights to Defendant GLL's customers and communications with those customers, communications or other documents reflecting the alleged defects in the lights, and Defendants' communications to Plaintiff regarding same.

Federal Rule of Civil Procedure 37 ("Rule 37") governs a party's failure to make disclosures or cooperate in discovery and permits a party to move to compel disclosures and request appropriate sanctions. Fed. R. Civ. P. 37(a)-(b).  Subsection (c) of the Rule specifies that when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant GLL was late to respond and produce any documents whatsoever, and Defendant Geffen did not formally respond to the document requests.  Defense counsel has provided a host of excuses including that 1) in connection with an office move, GLL was told to

delete messages; 2) emails of former employees are not accessible because they are protected by those employees' passwords; and 3) counsel was not sure what documents existed and would inquire. None of these excuses is valid for the reasons set forth on the record at the September 21, 2020 conference. In numerous conferences, this Court has attempted to learn the efforts Defendants have made to preserve, collect, and produce relevant documents and had to order responses. Yet, Defendants still have not provided an adequate explanation as to whether certain key records exist; if they exist, their location; whether or not they are accessible and why; and if they existed but were destroyed. It is clear that Defendants have failed to comply with Federal Rule of Civil Procedure 34, which requires far greater specificity in discovery responses than provided by Defendants.

At this point, Plaintiff has not received:

- Records of internal communications regarding the sales of the lights to customers;
- Records of the dates of receipt of the lights from Defendant and sale of the lights to customers;
- Any contracts or similar documents reflecting the sale of the lights to customers;
- Corporate documents reflecting the dates of incorporation, cessation of business, sale of assets, affiliates, shareholders/owners, and successors of Green Logic and GLL;
- Data from the purchasing product software, TradeGecko, including purchase orders for the lights purchased from Plaintiff and then resold to customers;
- Records of customer complaints about the lights sold by Plaintiff to GLL; and
- Defendant's purchasing agent Daniel Yu's personal emails about the transactions in which he purchased the lights from Plaintiff on behalf of Defendants.

Thus, Plaintiff's motion to compel is GRANTED. By October 6, 2020, for each of the above categories of documents, Defendants shall provide in a writing filed on ECF whether records exist; if they exist, their location; if they exist but are not accessible and why they are not accessible; or if they existed but were destroyed and why they were destroyed. With respect to

any documents that are not accessible or were destroyed, Defendants shall provide an affidavit of a person with knowledge of the reason such records are not accessible or were destroyed, stating those reasons with specificity.  Such an affiant must be a principle or former principle or agent of Defendants—not defense counsel.

To the extent Defendants argue that they cannot obtain documents from officers or successor entities they control or agents or former agents, such arguments are without merit. Defendants are obliged to produce documents within their custody and control.

Plaintiff also seek their attorneys' fees and costs of $2,600 in connection with their various motions to compel and terminating sanctions for Defendants failure to comply.  Rule 37 permits a party to move for an order requiring the payment of reasonable attorneys' fees and costs caused by the failure to disclose information and permits the court to inform the jury of another party's failure to disclose information and to impose other appropriate sanctions. Other appropriate sanctions may include: (1) directing that matters addressed in the order be taken as established by the prevailing party; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part; (6) entering judgment against the disobedient party; and (7) requiring the disobedient party or her attorney to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2)(A).  Subsection (d) of the Rule, likewise, provides for the same types of sanctions when a party fails to answer interrogatories and fails to respond to a request for documents. Fed. R. Civ. P. 37(d)(1)-(3).  Under Subsection (d), a failure to respond to

interrogatories and document requests "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Discovery sanctions serve several purposes: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (citations omitted); *see also Southern New England Tel. Co. v. Global NAPs Inc*., 624 F.3d 123, 147–49 (2d Cir. 2010) (district court did not err by imposing default judgment on defendants who willfully deleted and refused to produce relevant documents); *Update Art, Inc. v. Modiin Publ'g, Ltd*., 843 F.2d 67, 70–71 (2d Cir. 1988) (granting summary judgment to plaintiff was an appropriate sanction where defendant engaged in extreme dilatory tactics).

When determining whether sanctions should be imposed under Rule 37, courts in the Second Circuit weigh the following non-exhaustive factors: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  Prejudice to the party seeking sanctions may also be a significant consideration, though not an absolute prerequisite in all circumstances. *See Southern New England Tel. Co.*, 624 F.3d at 148–49 (movant suffered

prejudice where it was deprived of evidence); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–97 (2d Cir. 2006) (although new evidence presented was essential to plaintiff's damages claim, exclusion was appropriate where discovery was closed and defendants would have been prejudiced if required to prepare for additional evidence).  No single factor, alone, is dispositive. *World Wide Polymers*, 694 F.3d at 159 (noting that "'these factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion.'" (quoting *Southern New England Tel. Co.*, 624 F.3d at 144)).  Harsh sanctions, such as dismissal or default, are reserved for extreme situations, such as those involving "willfulness, bad faith, or any fault" on the part of a "non-compliant litigant." *See Agiwal*, 555 F.3d at 302 (internal quotation marks and citation omitted) (sanctions against pro se litigant appropriate where he refused to follow any of the orders issued by the presiding magistrate judge over a six-month period); *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

The imposition of sanctions lies within the sound discretion of the court. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) (citation omitted); *see also Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 50 (2d Cir. 2016). Indeed, "[w]hen faced with a breach of a discovery obligation that is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction." *Doe*, 672 F. App'x at 50 (internal quotation marks, alterations, and citation omitted).

However, when considering whether to impose discovery sanctions, the Court's discretion is limited to the imposition of sanctions that are both "just" and "commensurate" in severity with the non-compliance. *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318(GBD)(BCM), 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017), *adopted by* No. 16-CV-1318(GBD)(BCM), 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017) (quoting *Shcherbakovskiy, Ltd.*, 490 F.3d at 140).  Although courts "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future," courts are not required to "exhaust possible lesser sanctions" before imposing dismissal or default if such a sanction is appropriate on the overall record.  *Joint Stock Co. Channel One Russia Worldwide*, 2017 WL 3671036, at *21 (internal quotation marks and citations omitted); *see also Urbont v. Sony Music Entm't*, No. 11 CIV. 4516(NRB), 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) ("'deliberate and persistent noncompliance will render lesser sanctions inappropriate'" (quoting *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (alterations omitted))).

In this case, an award of attorneys' fees is clearly appropriate.  Furthermore, Plaintiff seeks fees for only 10.4 hours of work on the motions to compel and at a rate of $250 per hour. Given the number of conferences and volume of submissions from Plaintiff, the number of hours is reasonable.  Furthermore, a rate of $250 per hour is at the low end of the range of rates found reasonable in this district and a rate often awarded to junior associates.  Therefore, Plaintiff's request for $2,600 in attorneys' fees is GRANTED.

The question of whether there should be terminating sanctions is a closer one.  This Court has previously warned Defendants that they could be sanctioned for failure to comply

with their discovery obligations.  At this point, the Court finds that terminating sanctions are premature.  Defendants shall comply with this order and complete the remaining discovery in good faith.  Further failures to comply, however, will not be tolerated by the Court.

**Konka's Motion to Compel non-parties General LED Corp., NRG Technologies USA, Inc. and JED Lights Inc. to comply with subpoenas (ECF No. 203)**

Plaintiff served document subpoenas on General LED Corp., NRG Technologies USA, Inc., and JED Lights Inc. pursuant to Rule 45.  The subpoenas request response in Woodland Hills, California, which is in the Central District of California.  Rule 45 states that "[i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it . . .  [A] party must promptly return, sequester, or destroy the specified information . . . [and] may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim." Fed. R. Civ. P. 45(e)(2)(B).  In this instance, the district of compliance and proper venue for Plaintiff's motion is the Central District of California.  Thus, Plaintiff's Motion is DENIED on the ground of improper venue.

**Konka's Motion to file an amended complaint to add Defendant's shareholders Richard Geffen and Marvin Yu and successor entities General LED Corp. and NRG Technologies USA, Inc. (ECF No. 199)**

Plaintiff seeks to add new entities and persons as defendants.  The time for amending pleadings and joining parties has passed.  Therefore, Plaintiff must establish good cause to add these parties in accordance with Rule 16.  But, before the Court can consider whether good cause exists, Plaintiff must provide a proposed amended complaint containing facts supporting

claims against the newly proposed defendants.  Plaintiff has not provided a proposed amended complaint.  Accordingly, Plaintiff's motion is DENIED without prejudice.  Plaintiff shall provide a proposed Third Amended Complaint by October 6.  Defendants shall have until October 13, 2020 to consent to or oppose the proposed amendment.  If Defendants do not consent, Plaintiff may renew its motion but must provide the Court with the proposed pleading and explain why good cause exists to permit the amendment at this late stage of the case.

### Conclusion

For the reasons set forth above, Green Logic's motion to compel Konka to respond to certain interrogatories is DENIED (ECF No. 195); Plaintiff's motion to compel Green Logic to produce documents and the related application for attorney's fees are GRANTED (ECF No. 201); Plaintiff's motion to compel third-party subpoena compliance is DENIED (ECF No. 203); and Plaintiff's motion to add parties is DENIED without prejudice (ECF No. 199).

SO ORDERED.

Dated: September 25, 2020
       New York, New York

KATHARINE H. PARKER
United States Magistrate Judge