```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANHUI KONKA GREEN LIGHTING CO., LTD,

                                              Plaintiff,         1:18-cv-12255 (MKV) (KHP)

                      -against-                                  OPINION AND ORDER ON
                                                                 DISCOVERY MOTIONS AT ECF NOS.
GREEN LOGIC LED ELECTRICAL                                       223, 227, AND 233
SUPPLY, INC. et al.,

                                              Defendants.

-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge**

This case arises out of Defendant, Green Logic LED Electrical Supply, Inc. ("Green Logic"), and its founder and CEO, Defendant George Geffen, failing to pay Plaintiff, Anhui Konka Green Lighting Co., Ltd. ("Konka") for LED lights. The Court presumes familiarity with the facts of the case for the purposes of this Opinion and Order. (*See also* ECF Nos. 214 at 1-3; 242 at 2.)

Presently before the Court are three motions: (1) Konka's motion to sanction Defendants for disregarding certain discovery obligations (ECF No. 223); (2) Defendants' motion for attorney's fees in connection with Konka's motion to amend the complaint and add parties (ECF No. 227); and (3) Defendants' motion to preclude Konka from relying on any forthcoming expert opinion it may produce in connection with the allegedly defective lighting panels. (ECF No. 233.) The Court held a telephonic conference to hear argument from the parties on these motions. The Court will address each of them in turn below.

**I.    Konka's Motion to Sanction Defendants for Failure to Comply with a Court Order (ECF No. 223)**

Plaintiff asks this Court to sanction Defendants under Federal Rule of Civil Procedure 37(b) for Defendants' failure to comply with their discovery obligations and multiple Court orders. To start, it bears noting that the parties have been uncooperative throughout discovery in this case. Most relevant to Plaintiff's motion for sanctions is Green Logic's failure to produce certain documents including, but not limited to, sales receipts, corporate documentation for Green Logic and its successors, and records of alleged customer complaints about the Konka lights.[1] (ECF No. 223 at 4-5.) Given Defendants' consistent noncompliance with Court directives and orders, Plaintiff asks the Court to (1) strike Defendants' counterclaims; (2) preclude Defendant from introducing the withheld evidence at trial; (3) and draw adverse inferences against Defendants based on the missing evidence.

For its part, Defendants have repeatedly claimed either that the missing documents do not exist or that they exist but are inaccessible for several reasons. For instance, Defendants have noted that some of the missing documents are locked on certain computers that are out of its custody and control. (*See, e.g.*, ECF No. 222 at 3.) Further, Defendants contend that their submission at ECF No. 222 complied with this Court's prior Order and that they have otherwise produced the documents that Plaintiff claims were not produced.

Rule 37 governs a party's failure to make disclosures or cooperate in discovery and permits a party to move to request appropriate sanctions. Rule 37(b)(2) states that "[i]f a party

---

[1] Konka also notes Green Logic's failure to produce internal communications regarding the sales of lights to customers, contracts or agreements reflecting the re-sale of the Konka lights to customers, and data from TradeGecko, a purchasing software relevant to the transactions underlying Defendants' defenses.

. . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Such orders may include: (1) directing that matters addressed in the order be taken as established by the prevailing party; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying the proceedings until the order at issue is obeyed; (5) dismissing the action in whole or in part; (6) entering judgment against the disobedient party; and (7) treating the failure to obey the orders at issue as contempt of court (except where the orders direct the party to submit to a physical or mental examination). Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (noting that a party's failure to comply with court-ordered discovery may result in terminating sanctions). Subsection (d) of the Rule, likewise, provides for the same types of sanctions when a party fails to respond to a request for documents. Fed. R. Civ. P. 37(d)(1)-(3). Under subsection (d), a failure to respond to document requests "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Discovery sanctions are designed to serve several purposes: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. *See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979); *see also Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147–49 (2d Cir. 2010) (district court did not err by imposing default judgment on defendants who willfully

deleted and refused to produce relevant documents); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 70–71 (2d Cir. 1988) (granting summary judgment to plaintiff was an appropriate sanction where defendant engaged in extreme dilatory tactics). At the same time, the Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." *Southern New England Tel. Co*, 624 F.3d at 148. The reason for this approach is that Rule 37 sanctions not only protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations, but also serve other functions unrelated to the prejudice suffered by individual litigants. *Id*. at 148-49.

When determining whether sanctions should be imposed under Rule 37, courts in the Second Circuit weigh the following non-exhaustive factors: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting *Agiwal*, 555 F.3d at 302). Prejudice to the moving party may also be a significant consideration, although not an absolute prerequisite in all circumstances. *See Southern New England Tel. Co.*, 624 F.3d at 148–49. No single factor is dispositive, and "'they need not each be resolved against the party challenging the district court's sanctions . . . to conclude that those sanctions were within the court's discretion.'" *See World Wide Polymers*, 694 F.3d at 159 (quoting *Southern New England Tel. Co.*, 624 F.3d at 144). As such, the Court must weigh each factor when determining whether a party should be sanctioned and what sanction, if any, should be imposed.

Separate from and in addition to its power to sanction under Rule 37, courts have the inherent power to punish parties for contempt and have discretion to "'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Ceglia v. Zuckerberg*, 600 Fed. App. 34, 36 (2d Cir. 2015) (summary order) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)); *see also CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. 2016). "'These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *CAT3, LLC.*, 164 F. Supp. 3d at 497 (quoting *Chambers*, 501 U.S. at 43–44). Because of the "very potency" of the inherent contempt powers, courts must exercise them "with restraint and discretion." *Chambers*, 501 U.S. at 44. Indeed, "the party seeking sanctions pursuant to [Rule] 37 or the court's inherent power[] bears the burden of proof to establish the existence of grounds for the requested sanctions." *United States v. Acquest Transit LLC*, No. 12-cv-1146S, 2016 WL 9526566, at *3 (W.D.N.Y. Nov. 3, 2016).

Further, the court has broad discretion in fashioning the appropriate sanction and does so on a case-by-case basis. *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *Deanda v. Hicks*, 137 F. Supp. 3d 543, 554 (S.D.N.Y. 2015). However, the court should also impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. *See Grammar v. Sharinn & Lipshie, P.C.*, No. 14-cv-6774 (JCF), 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014). Indeed, "[w]hen faced with a breach of a discovery obligation that is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction." *Doe v. Delta Airlines Inc.*, 672 Fed. App. 48, 50 (2d Cir. 2016) (summary order) (citation omitted).

5

Based on the evidence presented and this Court's active supervision of discovery in this case, the Court finds that counsel for Defendants has engaged in a pattern of evasive behavior in an attempt to stonewall discovery and delay litigation. These tactics necessitated court intervention on multiple occasions, including the scheduling of discovery and case management conferences, multiple orders compelling the production of documents, and even sanctions. (*See* ECF No. 214 at 5-10.) Further, the Court previously warned Defendants that continued failure to comply with discovery obligations would result in sanctions. (*See, e.g.*, *id.* at 10-11.) Nevertheless, Defendants once again come before this Court with misdirection and meritless excuses.

Defendants first argue that they have produced the documents asked of them. This is not true. For example, Defendants have not produced documents reflecting when Green Logic received the lights from Plaintiff. Green Logic's Shipment Status spreadsheet lists dates when other manufacturers' shipments were received. (ECF No. 226, Ex. 6). However, receipt dates for Konka's lights are conspicuously absent. *Id.* Furthermore, the bill of lading cited by Defendants, which indicates the date the lights were loaded onto a vessel for shipment from Nanjing, China to New York, does not reflect when Green Logic actually received that shipment. (ECF No. 226, Ex. 7). Likewise, while Defendants did produce documents reflecting the dates of incorporation of Green Logic and General LED Corporation, (*see* ECF No. 226, Ex. 8,) they have not produced any documents reflecting cessation of business, sale of assets, affiliates, shareholders/owners, or successors of those entities—all documents which should exist. Therefore, Defendants' assertion that they have "more than complied" with the Court's orders is unsupported by the facts. (*See* ECF No. 226 at 4.)

6

Moreover, there is evidence that many of the documents are within Green Logic's (or its successors' or agents') custody and control and that these documents have been inexplicably withheld. Specifically, Defendants represented that the following documents exist and are, at least to some extent, within their custody and control:

- Records of the dates of receipt of the lights from Konka and sale of the lights to customers – which exist in a loose-leaf binder kept by Daniel Yu;

- Any contract or agreements reflecting the sale of the Konka lights to consumers – which Defendants contend are in the custody of a former employee of Green Logic; and

- Record of customer complaints about the lights purchased from Konka – which Defendants similarly contend are in the custody of a former employee of Green Logic.

(*See generally* ECF No. 222.) Plaintiff has made a credible showing that none of these categories of documents have been produced. Further, the Court once again notes that Defendants have been obligated to produce documents in the possession of former employees in order to comply with their discovery obligations. While counsel for Green Logic now contends that these documents are forthcoming from the former employees, Defendants' failure to diligently collect these documents over the course of the past two years is a cause for concern, to say the least.

Relatedly, Defendants contend that in the September 21, 2020 conference, the Court merely required them to provide responses to Plaintiff's document requests – not to produce documents. This assertion wholly misrepresents the Court's ruling and related directions. In its September 25, 2021 Opinion and Order on Discovery Motions, the Court reiterated that Defendants' excuses for failing to produce the necessary documents were meritless and

7

affirmatively ordered Defendants to "produce documents within their custody and control." (ECF No. 214 at 7.) Now, Defendants' attempt to reiterate these same meritless excuses and their clear failure to produce documents in their custody and control directly violate this Court's order.

Finally, Defendant argues that Fed. R. Civ. P. 37(a)(5)(A) bars the award of reasonable expenses for this motion because Plaintiff "filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." (ECF No. 226 at 5.) This argument is unavailing. Given Defendants' dilatory conduct, it cannot rely on this rule to preclude an award of fees because Plaintiffs have attempted for over a year to obtain the discovery. In any event Rule 37(a)(5)(A) deals with motions to compel disclosure and discovery, which is inapplicable to the present Rule 37(b) motion for sanctions for failure to comply with a court order.

After careful consideration of the record and based on the Court's observations while supervising discovery in this case, the Court finds that certain sanctions against Defendants are appropriate. Because the documents Defendants failed to produce concerning the receipt and re-sale of the Konka lights and associated customer complaints relate to Defendants' defenses, as opposed to elements of Plaintiff's cause of action, Plaintiff will not be prejudiced by Defendant's failure to produce these documents and Defendant is incentivized to produce them by their very nature. Rather, the appropriate sanction as to this category of documents is to preclude Defendants from introducing any of this withheld evidence to support their defenses (or, to the extent possible, to refute Plaintiff's claims) at trial. Plaintiff's motion is granted in this respect.

Quite differently, withheld documents that relate to the defendant entities' corporate

structure, assets, shareholders, and successors directly relate to Plaintiff's recently added claims of successor liability and shareholder liability. (*See generally* ECF No. 242 granting motion to amend and add parties, in part.) Corporate documents are the type of documents that should be readily available to Defendants, yet Defendants have repeatedly failed to produce these documents.

Plaintiff first requested corporate documents on August 6, 2019 when it propounded its first set of document requests on Green Logic. (*See* ECF No. 77-2 ¶ 10 requesting all documents "related to the corporate hierarchy or organization flow chart for" Green Logic.) Defendants objected to this request on the ground that it sought irrelevant documents. (*See id.* at 16.) Over the course of discovery, it became clear to this Court and, presumably, Plaintiff that such corporate documents explaining the structure of Green Logic, its owners, and successors were relevant based on Defendants' evasive tactics. (*See, e.g.*, ECF No. 214 at 2 recounting Defendants misrepresenting facts to the Court concerning Green Logic and its successors.) Accordingly, as noted, the Court ordered Green Logic to produce "[c]orporate documents reflecting the dates of incorporation, cessation of business, sale of assets, affiliates, shareholders/owners, and successors of Green Logic and GLL." (*Id.* at 6.)

As noted above, while Defendants have produced documents reflecting the dates of incorporation of Green Logic and General LED Corporation, (*see* ECF No. 226, Ex. 8,) they have not produced any documents reflecting cessation of business, sale of assets, affiliates, shareholders/owners, or successors of the entities involved in this case. The documents that were produced show that Green Logic and General LED share a corporate address – 206 East Jericho Turnpike, Mineola, N.Y. 11501. (*See id.* at 5.) Further, as already noted in the Court's

9

prior Orders, George Geffen testified that he bought Green Logic "to make" General LED and Green Logic's Rule 30(b)(6) witness stated that General LED went out of business and "became" NRG. (ECF No. 242 at 8.) Given the totality of these circumstances and the Court's active supervision of discovery in this case, the Court finds that the withheld corporate documents are likely favorable to Plaintiff's successor liability and shareholder liability claims.

It is also clear that Plaintiff initially sought the now-withheld corporate documents to demonstrate the relatedness of the corporate entities linked to Green Logic and to prove successor liability. Defendants' failure to produce basic corporate documents is prejudicial to Plaintiff. Moreover, Defendants' behavior indicates they are deliberately hiding information. Accordingly, it is appropriate to draw an adverse inference against Defendants with respect to the relatedness of the corporate entities above to proof that has otherwise been requested but never produced. Plaintiff's motion for an adverse inference with respect to the interrelatedness of the corporate defendants is therefore granted.

## II.     Green Logic's Motion for Attorney Fees in Connection with Konka's Motion to Amend and Add Parties (ECF No. 227)

Defendants ask this Court for an award of attorney fees incurred in opposing the Plaintiff's motion to amend the complaint and add parties. As detailed in Defendants' opposition papers to that motion to amend, Defendants believe that Plaintiff's attempt to amend the complaint is futile as a matter of law. (*See also* ECF No. 227-9.) Furthermore, Defendants claim that the proposed Third Amended Complaint makes false allegations with regard to the corporate structure of Green Logic, its successors, and the relationship between these entities and George Geffen. *Id.* These circumstances, Defendants argue, demonstrate

Konka's bad faith in filing the motion to amend and add parties and that, therefore, Defendants are entitled to reasonable attorney's fees pursuant to 28 U.S.C. § 1927. *Id.*

An award of sanctions under 28 U.S.C. § 1927 is appropriate "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (citation omitted). Similarly, "[u]nder the inherent power of the court to supervise and control its own proceedings," a court may award "reasonable attorneys fee[s] to the prevailing party when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)); *see also Eisemann v. Greene, M.D.*, 204 F.3d 393, 395 (2d Cir. 2000).

Here, Defendants' request for attorney's fees is completely belied by the fact that this Court granted, in large part, Plaintiff's motion to amend. (ECF No. 242.) Specifically, this Court concluded that the claims asserted against George Geffen, General LED, and NRG were not futile under the liberal amendment standard applied by the Court in resolving that motion. (*See id.*) Furthermore, the "falsehoods" on which Defendants rely in support of the instant motion for attorney's fees directly relate to corporate documents and information which they failed to provide despite orders by this Court to do so. *Compare* (ECF No. 227-9 at 5-8) (outlining falsehoods), *with* (ECF No. 223 at 4) (stating that corporate records were not made available to Plaintiff), and (ECF No. 214 at 6-7) (granting Plaintiff's motion to compel production of these documents). Given these circumstances, I find that Plaintiff's actions are not "so completely without merit as to require the conclusion that they must have been undertaken

11

for some improper purpose such as delay," *Revson*, 221 F.3d at 79 (citation omitted), and do not evidence bad faith. Accordingly, Defendants' motion for attorney's fees is DENIED.

### III. Green Logic's Motion to Preclude (ECF No. 233)

Finally, Defendants move to preclude Plaintiff from using any expert opinion that may be forthcoming before the close of expert discovery. According to Defendants, Plaintiff failed to produce its written expert report in a timely manner such that Defendants would be able to depose Plaintiff's expert before expiration of the expert discovery deadline. (ECF No. 233-8.) The Court already addressed this concern with the parties at the January 19, 2021 case management conference. At ECF No. 238 the Court issued an Order permitting Plaintiff's expert to inspect the three LED items underlying Defendants' expert report. (ECF No. 238.) Thus, Green Logic's motion to preclude is DENIED.

Finally, Rule 37(a)(5)(B) requires that, "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Here, Plaintiff did not file an opposition to the motion to preclude and the Court addressed the issue at the conference. Thus, an award of expenses is inappropriate in the unique circumstances presented here.

### CONCLUSION

For the reasons set forth above, Konka's motion to sanction Defendants for disregarding certain discovery obligations is GRANTED as set forth above (ECF No. 223); Defendants' motion for attorney's fees in connection with Konka's motion to amend the

complaint and add parties is DENIED (ECF No. 227); and Defendants' motion to preclude Konka from making use of any expert opinion it may produce in connection with the allegedly defective lighting panels is DENIED. (ECF No. 233.)

**SO ORDERED.**

DATED:   March 3, 2021
         New York, New York

_____
Katharine H. Parker
United States Magistrate Judge