UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANHUI KONKA GREEN LIGHTING CO., LTD.,

                Plaintiff,

-against-

GREEN LOGIC LED ELECTRICAL SUPPLY, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/2021

1:18-cv-12255 (MKV) (KHP)

**ORDER OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO RULING OF THE MAGISTRATE JUDGE**

MARY KAY VYSKOCIL, United States District Judge:

    Defendant Green Logic LED Electrical Supply, Inc ("GLL") objects [ECF Nos. 219, 241] to discovery-related orders [ECF No. 214, 238] of Magistrate Judge Katharine A. Parker, to whom this case is referred for supervision of pretrial proceedings and discovery. First, GLL objects to Magistrate Judge Parker's decision to award $2,600 to Plaintiff Anhui Konka Green Lighting Co., Ltd. ("Konka") in connection with a successful motion to compel the production of documents. *See* Objection, ECF No. 219, at 2. Second, GLL objects to Magistrate Judge Parker's order permitting Konka to inspect three LED lighting panels which were the subject of a report prepared by GLL's expert witness. *See* Objection, ECF No. 241, at 2. For the reasons stated herein, Magistrate Judge Parker's decision is AFFIRMED, and Defendant's Objection is OVERRULED and DENIED.

    GLL also objects [ECF No. 243] to Magistrate Judge Parker's decision and report and recommendation [ECF No. 242] to the extent she granted Plaintiff leave to file a Third Amended Complaint naming new defendants. Among other objections, GLL argues that Plaintiff has failed to establish a basis for personal liability against GLL's owner, George Geffen, and that it has not established successor liability against the other proposed defendants. *See* Objection, ECF No. 243; Brief in Support of Objection, ECF No. 243-17 ("Amend Br."), at 13, 16-17. For

1

the reasons stated herein, Magistrate Judge Parker's report and recommendation is ADOPTED IN PART and Defendant's Objections are DENIED in part and GRANTED in part.

## LEGAL STANDARDS

This Court's review of a Magistrate Judge's ruling on non-dispositive discovery issues is limited, and the decision only will be reversed if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" only when "the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (quoting *Thompson v. Keane*, No. 95-cv-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)).

The Court reviews *de novo* the decision of a Magistrate Judge on dispositive motions, such as Plaintiff's motion to add parties and claims. *Cardell Fin. Corp. v. Sucholdoski Assocs., Inc.*, 896 F.Supp.2d 320, 324 (S.D.N.Y. 2012). Because motions to add new parties require a final determination as to whether the proposed amended pleading states a claim against those parties, "a district court's review of a magistrate judge's determination of said motion should be evaluated under the *de novo* standard applicable to dispositive matters under Federal Rule of Civil procedure 72(b). *Thomas E. Hoar, Inc., v. Sara Lee Corp.,* 900 F.2d 522, 525-26 (2d Cir. 1990).

## DISCUSSION

A.   *Objection to the Award of Attorney's Fees*

GLL's objection to Magistrate Judge Parker's order awarding attorney fees fails for several reasons. First, GLL incorrectly argues that Magistrate Judge Parker "acknowledged that she didn't have enough information to impose" those sanctions. *See* Brief in Support of Objection, ECF No. 219-10 ("Fee Br."), at 3. While GLL appears to correctly quote from the conference, it ignores that Magistrate Judge Parker's remarks referred only to having enough information to sanction Defendants for *deliberately destroying evidence* and not, as GLL submits, regarding any sanctions whatsoever:

> The Court: That means destruction of documents.
> Mr. Pu: It wasn't a deliberate destruction of them.
> The Court: That can be decided at another time. What you've relayed to me doesn't provide me with enough information to determine whether it's sanctionable conduct and whether an adverse inference is required.

*See* 10/01/2020 Tr. 9:16-22. At no point did Magistrate Judge Parker foreclose the possibility of an award of attorney's fees in connection with the motion to compel. Indeed, she could not have done so, as an award of attorney's fees is mandatory in connection with a successful motion to compel, provided that the moving party offered to meet and confer in good faith and that the non-movant was not "substantially justified" in resisting the discovery request. *See* Fed. R. Civ. P. 37(a)(5); *Romeo and Juliette Laser Hair Removal, Inc v. Assara I, LLC,* No. 08 Civ. 442 (TPG)(FM), 2013 WL 3322249 at *3 (S.D.N.Y. July 2, 2013) (awarding Plaintiff attorney's fees due to Defendant failing to demonstrate that its failure to produce certain documents was "substantially justified").

Perhaps acknowledging that argument's failure, GLL pivots and argues that Konka failed to meet and confer before moving for attorney's fees and costs. However, it is clear from the

3

record that Konka adequately offered and attempted to meet and confer here.  Parties to a case are expected to "actually meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovery party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention."  *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, No. 05 Civ. 10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007).  Counsel for the Parties first met concerning GLL's discovery responses on January 6, 2020.  *See* Letter to Court, ECF No. 77.  Defendant asserts that because this meeting dealt with its repeated failures to respond to Plaintiff's document requests, and not GLL's failure to actually produce said documents, the meeting dealt with issues "entirely different from the ones raised by" the motion.  Fee Br. at 7.

This attempted distinction is not meaningful.  During the meeting, the parties sought to resolve issues pertaining to Defendant's deficient responses to requests for production.  Letter to Court, ECF No. 77, at 2-3.  The information sought in these requests, such as communications related to the purchase of lights from Plaintiffs and communications between GLL and third-party customers, is what the motion to compel sought to produce.  More importantly, the Parties' contemporaneous joint letter states that the parties actually discussed the production of these documents.  Letter to Court, ECF No. 77, at 2-3.  Nothing indicates that this meeting was anything less than a good-faith attempt to resolve the disputes ultimately subject to Konka's motion.[1]

---

[1] While Defendant does not specifically object to the amount of sanctions, the Court defers to Magistrate Judge Parker's finding that the sanctions requested are reasonable as a matter of law. *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC,* No. 16-cv-3671036, 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017).

4

GLL's objection, therefore, reads as the latest in a long series of attempts to disrupt and delay discovery in this case. I previously have remarked that the Parties in this case seem intent on conducting discovery only through motion practice, and that, despite Magistrate Judge Parker's admirable efforts, the Parties remain unable or unwilling to cooperate on even the smallest discovery issues. *See* Order Overruling Objections, ECF No. 213, at 4. While the federal rules envision a cooperative discovery process, they also provide for motion practice and, importantly, sanctions for forcing one's adversary to seek judicial intervention. *See* Fed. R. Civ. P. 37. While here the sanctions imposed are modest, the Court takes this opportunity to warn both parties that continued failure to act appropriately as officers of the Court will result in more severe monetary and substantive sanctions.

In sum, Defendant's objection to Magistrate Judge Parker's award of attorney's fees as a sanction is overruled and denied.

**B.**     ***Objection to the Inspection Ruling***

As to Defendant's second objection, GLL fails to show that the items requested for inspection are not discoverable, as it must to resist Konka's motion. Rule 26(b)(1) states that any matter "relevant to the subject matter involved in the pending action" is discoverable in litigation. Fed. R. Civ. P. 26(b)(1). Moreover, discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party also may put a matter into issue during litigation. *See MacCartney v. O'Dell,* No. 14-cv-3925, 2017 WL 766906, at *3 (S.D.N.Y. Feb. 27, 2017) ("Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety

of fact-oriented issues may arise during litigation that are not related to the merits") (quoting *Oppenheimer Fund*, 473 U.S. at 351) (alterations omitted)).

By its motion to Magistrate Judge Parker, Konka sought inspection of certain LED lights which Konka had shipped to GLL and which underlie this litigation. *See* Motion to Compel, ECF No. 232, at 1-2. While each party's expert witness visually inspected the lights in February 2020, GLL's expert apparently performed testing on the units in June 2020. *See* Motion to Compel, ECF No. 232, at 1-2. Konka only sought the opportunity for its expert to do the same.

Once again, GLL obstructed and delayed discovery in this case by refusing to provide Konka the opportunity for its expert to inspect the lights. Defendant merely argues that Konka already inspected the lights and never stated that further inspection was necessary. *See* Memorandum of Law in Support of Objection, ECF No. 241-9 ("Inspection Br.") at 3. However, GLL either inadvertently or purposefully misstates the record. While both parties' experts were present at the first visual inspection, GLL's expert then conducted a second inspection and a series of tests on the lights. *See* Expert Report of William Reisenauer, ECF No. 241-4, at 11 (submitted in connection with the objection). Plaintiff's expert never received the same opportunity. Moreover, in his written report, Plaintiff's expert specifically stated that "[f]urther evaluation and testing of the lighting panels is required." *See* Expert Report of Richard W. Alarcon, ECF No. 241, at 26 (submitted in connection with the objection). In short, all of GLL's contentions about the previous inspection are either purposefully or otherwise incorrect. Konka is entitled to the same inspection and testing of the lights GLL already has made itself.

Defendant's other arguments are similarly inapposite. For example, Defendant argues that Plaintiff's motion must be denied unless it submits an affidavit declaring that the light panels at issue were not produced in discovery. *See* Inspection Br. at 3-4. But, Defendant cites no

support for this assertion and does not dispute the factual claim that it did not produce the panels. Similarly, Defendant is wrong that Plaintiff is somehow barred from conducting further expert review of the panels based on a previous motion to preclude filed by Defendant. *See* Inspection Br. at 4-5. In that motion, Defendant sought to preclude Plaintiff from relying on any expert evidence not disclosed to that point. *See* Motion to Preclude, ECF No. 233. That motion was denied and, even if it had not been, a court is free to reconsider a discovery ruling upon new facts (such as the need for Konka to conduct a second inspection). *See United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to entry of judgment."). Finally, GLL's claim of prejudice is belied both by its conduct throughout this case and by its refusal to permit inspection earlier, while discovery was ongoing.

As a result, Defendant's objection to Magistrate Judge Parker's decision granting Plaintiff's motion to compel is overruled and denied.

**C.**     ***Motion to Amend and Add Parties***

Defendant also objects to Magistrate Judge Parker's ruling partially granting and recommending that the Court partially deny Plaintiff's motion to file a Third Amended Complaint adding new parties and new claims to this case. *See* Objection, ECF No. 243. Plaintiff does not object to the report and recommendation to the extent it recommended denial of Plaintiff's motion. The Court adopts in whole that portion of the report and recommendation denying in part Plaintiff's motion to amend. With respect to the portions objected-to by Defendant, the Court partially affirms the decision.

Defendant's objections relate to Magistrate Judge Parker's decision to allow Plaintiff to add as a Defendant George Geffen, the owner of Defendant GLL, and to add as Defendants

General LED Corp. ("General LED") and NRG Technologies USA Inc. ("NRG").  *See* Amend Br. at 14-17.  Among other objections, GLL argues that Plaintiff failed to establish that it could pierce the corporate veil to hold Geffen liable or to establish successor liability of General LED or NRG.  *See* Opinion Granting Motion to Amend in Part and Report and Recommendation to Deny Motion to Amend in Part, ECF No. 242 ("MJ Op."), at 10-14.  The Court agrees with GLL regarding Geffen but denies GLL's objections related to General LED and NRG.

### a. Plaintiff Is Not Required to Obtain a Prior Judgment Against a Corporate Defendant Before Piercing the Corporate Veil

As a preliminary manner, Defendant contends that a prior judgment must be obtained against a corporate entity before a plaintiff may seek to pierce the corporate veil and to impose liability on an individual owner.  Amend Br. at 17-18.  This is no longer the law in New York.  In order to hold a shareholder personally liable for corporate debts, a plaintiff must make "a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."  *Morris v. New York State Dept. of Tax'n and Fin.*, 82 N.Y.2d 135, 141. 623 N.E.2d 1157, 1160-61 (1993).  GLL instead cites *Eskimo Pie Corp. v. Whitelawn Dairies, Inc,* 266 F. Supp. 79 (S.D.N.Y. 1967) for the proposition that a plaintiff may not recover against a shareholder "unless it first obtains judgment against the corporate defendant to support their contention."  *Id*. at 82 (quoting *Netley Offs. v. Burgundy Realty Corp.*, 238 A.D. 559, 563, 265 N.Y.S. 356, 360-61 (1933)).  However, New York state courts subsequently have considered and rejected the notion that judgment must be obtained before establishing personal liability against a company's shareholders.  *Chase Manhattan Bank v. 264 Water St. Assocs.*, 174 A.D.2d 504, 505, 571 N.Y.S.2d 281 (1st Dep't 1991) ("Nor is it necessary that an unsatisfied judgment first be obtained to pierce the corporate veil."); *Ross v.*

*Jill Stuart Int'l, Ltd.,* 275 A.D.2d 650, 651, 713 N.Y.S.2d 324 (1st Dep't 1991) (same).[2]  GLL has provided no other authority for the argument that a prior unfulfilled judgment is required to assert claims predicated upon piercing the corporate veil and, thus, it is no bar to liability here.

> **b. The Third Amended Complaint Does Not Allege a Claim for Shareholder Liability**

Notwithstanding the Court's conclusion regarding the need for a prior judgment, the Court nonetheless agrees with GLL that Plaintiff has not sufficiently pleaded a veil piercing theory to hold Geffen personally liable for GLL's debts.  New York courts are reluctant to hold shareholders liable, and, as mentioned above, will only permit a plaintiff to pierce the corporate veil upon a showing that "'(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris*, 82 N.Y.2d at 141.  At the pleading stage, "a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in 'bad faith' while representing the corporation." *Cortlandt St.*, 31 N.Y.3d 30, 48 (quoting *East Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.* 944 N.E.2d 1135 (N.Y. 2011) (alteration in original)).  Instead, Plaintiff must allege facts indicating that the defendant abused the corporate form by exercising "complete domination and control over the corporate *form . . . to perpetuate a wrong.*" *Cortlandt St.*, 31 N.Y.3d 30, 48.  While piercing the corporate veil will often depend "on the particular facts and circumstances," courts generally look at factors such as "failure to adhere to corporate formalities, inadequate

---

[2] Defendant's argument that *Ross v. Jill Stuart International* is inapplicable fails.  *See* Amend Br. at 12.  Defendant is correct in that there is a disagreement as to whether "alter ego" theories and "piercing the corporate veil" theories are distinct.  *In Re Stage Presence*, 592 B.R. 292, 298 (S.D.N.Y. 2018).  However, recent New York precedent appear to treat the two as the same.  *See Cortland St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 36-37, 96 N.E.3d 191 (2018); *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 338, 703 N.E.2d 749 (1998).

9

capitalization, commingling of assets, and use of corporate funds for personal use." *Goldman v. Chapman*, 44 A.D.3d 938, 939, 844 N.Y.S.2d 126 (2d Dep't 2007).

Magistrate Judge Parker found that Plaintiff had alleged a "disregard for the corporate form" because GLL had not been forthright in disclosing information about its structure. MJ Op. at 11. However, while lack of good faith in discovery is conduct unbecoming in the course of litigation, it does not otherwise suggest an undercapitalization of a corporation, or a lack of respect for corporate formalities, or "in any other way, an abuse of "the privilege of doing business in the corporate form." *East Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.*, 66 A.D.3d 122, 127, 884 N.Y.S.2d 94 (2d Dep't 2009), *aff'd*, 16 N.Y.3d 775, 944 N.E.2d 1135 (2011). Instead, more specific factual pleading is required to infer that an individual totally dominates the corporation of which he is the sole owner.

For example, New York courts have found that an allegation of sharing the same employees and office space, coupled with inadequate capitalization, or specific instances of treating corporate assets as the individual's own, could suggest domination. *See Olivieri Const. Corp. v. WN Weaver St., LLC*, 144 A.D.3d 765, 767, 41 N.Y.S.3d 59 (2d Dep't 2016); *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 24, 867 N.Y.S.2d 169 (2d Dep't 2008). In this case, Plaintiff fails to allege specific financial transactions that could reveal an intermingling of assets. Similarly, Plaintiff fails to allege any specific issues with the corporate structure of GLL. While Plaintiff does allege that George Geffen is listed as the point of contact for General LED Corp. and another company, *see* Proposed Third Amended Complaint, ECF No. 220, ¶ 93, sharing a common claim of ownership or common office address, standing alone, is insufficient to pierce the corporate veil.[3] *Kalin v. Xanabo, Inc*, 526 F. Supp. 2d 392, 404 (S.D.N.Y. 2007).

---

[3] Even assuming that a common claim of ownership were sufficient, this Court cannot accept this allegation as true. As Defendant points out, the New York State Department of State website explicitly states that it does not list

10

Moreover, complete domination of a corporation alone would not be enough to warrant piercing the corporate veil. *See TMCC, Inc. v. Jennifer Convertibles, Inc.*, 176 A.D.3d 1135, 1136, 111 N.Y.S.3d 102 (2d Dep't 2019). Instead, a party must establish that the owner used its domination to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." *Id.* (quoting *Peery v. United Capital Corp.*, 84 A.D.3d 1201, 1202, 924 N.Y.S.470 (2d Dep't 2011)). While the Court agrees that fraud is sufficiently alleged with particularity in Plaintiff's Proposed Third Amended Complaint, *see* MJ Op. at 11, the complaint fails to allege facts sufficient to suggest how Defendant's complete domination and control of the corporate form served to perpetrate this fraud. *See East Hampton Union Free School Dist.*, 66 A.D.3d at 126 (holding that mere domination is not enough to pierce the corporate veil); *Cresser v. American Tobacco Co.*, 174 Misc.2d 1, 5-6, 662 N.Y.S.2d 374, 378 (N.Y. Sup. Ct. 1997). The closest Plaintiff comes is in its allegation that George Geffen directed two employees to make false representations to Plaintiff in this litigation. *See* Proposed Third Amended Complaint ¶¶ 4, 74-78. However, this conduct does not rise to the level of domination of the corporate form, and any harm Plaintiff suffered as a result was not caused by such domination. As result, Plaintiff has not adequately pleaded a claim to pierce the corporate veil and to hold George Geffen liable personally for GLL's alleged wrongdoing.

    **c.** ***The Third Amended Complaint States a Claim for Successor Liability***

Unlike the claims against Geffen, the Court finds that Plaintiff has stated a claim against General LED and NRG and denies Defendant's objections with regard to authorizing amendment to add these entities as defendants. Under New York common-law, a corporation that purchases

---

ownership information on its database. It follows that a court cannot infer that George Geffen is the common owner of General LED Corp. simply because his name is listed on the address. *See Tellabs, Inc. v. Makor Issues and Rights*, 551 U.S. 308, 322 (2007) (courts are required to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

the assets of another corporation is not necessarily liable for the seller's liabilities. *Cargo Partner AG v. Albatrans, Inc.*, 207 F. Supp.2d 86, 93 (S.D.N.Y. 2002). However, a successor corporation may be held liable if "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Schumacher v. Richards Shear Co., Inc.*, 59 N.Y.2d 239, 245, 451 N.E.2d 195 (1983).

While Plaintiff has not specifically alleged under which of the four exceptions their claim falls, there are sufficient facts alleged, coupled with references to the record, plausibly to infer both a de-facto merger and mere continuation of the selling corporation. Proposed Third Amended Complaint ¶ 100; MJ Op. at 12-14. It is clear that, by Defendant's own admissions, General LED and NRG merged with GLL and constitute a continuation of the selling corporation including by continuing all of GLL's operations. *See* Tr. of February 27, 2020 Hearing, ECF No. 129 at 28:8-14 (Geffen: I bought Green Logic to make [General LED]"); Tr. of January 31, 2020 Hearing, ECF No. 107, at 32:24-33:14 (Defense counsel stating that GLL is no longer in business and has a "successor in interest"). Since courts are permitted to consider the record, especially when it is referenced in the complaint, Defendant's statements are sufficient to state a particular claim for successor liability. *See Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002).

In its objection, GLL does not effectively contest this conclusion and instead states several factors that are relevant when imposing *shareholder* liability, not *successor* liability. *Cf* Amend Br. at 22; *Goldman*, 44 A.D.3d at 939. Because GLL lacks any legal basis to contest

Magistrate Judge Parker's conclusions, its objections to the decision granting Plaintiff leave to add General LED and NRG as Defendants are denied and overruled.[4]

## CONCLUSION

For the reasons stated herein, Magistrate Judge Parker's decisions [ECF #214, ECF #238] granting Plaintiff's motions to compel and for attorney's fees are AFFIRMED and Defendant's Objections [ECF #219, ECF #241] are OVERRULED and DENIED.

For the reasons stated herein, Magistrate Judge Parker's decision [ECF No. 214] granting Plaintiff's motion to amend in part to add new parties is AFFIRMED with respect to adding General LED and NRG as parties and DENIED with respect to adding George Geffen as a party. Plaintiff having filed no objections, Magistrate Judge Parker's report and recommendation denying the rest of Plaintiff's motion to amend and to add parties is adopted in full.

The Clerk of Court respectfully is requested to close the motion at ECF No. 224.

**SO ORDERED.**

Date: **September 20, 2021**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[4] Defendant's additional objections to Magistrate Judge Parker's findings are unpersuasive. This Court adopts Magistrate Judge Parker's finding that Plaintiff has followed local Rule 7.1(a) and adequately alleged diversity jurisdiction. MJ Op. at 7. With respect to Defendant's undue delay argument, whether there was undue delay with respect to adding George Geffen is moot in light of the Court's conclusion that Mr. Geffen will not be added as a Defendant. The Court has reviewed and adopts Magistrate Judge Parker's finding that there was no undue delay with respect to adding General LED and NRG as parties. MJ Op. at 9.