**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Anhui Konka Green Lighting Co., Ltd., | Case No.: 1:18-cv-12255-MKV_KHP |
| Plaintiff, | Judge Honorable Mary Kay Vyskocil |
| v. | Magistrate Judge Honorable Katharine H. Parker |
| Green Logic LED Electrical Supply, Inc. et al, | **Third Proposed Amended Complaint for Breach of Contract, Fraud, and Unjust Enrichment** |
| Defendants. | |

## THIRD AMENDED COMPLAINT

### TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

JURISDICTION AND VENUE ................................................................................................. 2

THE PARTIES............................................................................................................................ 3

THE BUSINESS RELATIONSHIP .......................................................................................... 4

FIRST CLAIM - BREACH OF CONTRACT (AGAINST GLL) ............................................ 11

SECOND CLAIM – FRAUd (AGAINST GLL)....................................................................... 12

THIRD CLAIM – QUANTUM MERUit (AGAINST ALL DEFENDANTS)............................ 14

FOURTH CLAIM – QUANTUM MERUIt (AGAINST GLL'S SUCCESSORS) ..................... 15

DEMAND FOR JURY TRIAL ................................................................................................. 15

PRAYER FOR RELIEF ............................................................................................................ 15

**PRELIMINARY STATEMENT**

1   Anhui Konka Green Lighting Co., Ltd. ("Konka") is in the business of manufacturing and selling LED lights which are of high quality and qualify for various benefits to the seller and end user under applicable law in the United States. Konka brings this action because its customer, Green Logic LED Electrical Supply, Inc., ("GLL") made false representations in order to induce Konka to do business with GLL and to continue to provide product on credit. GLL defrauded Konka and failed to pay for the merchandise which was delivered.

2   In February, 2017, representatives of Konka visited the offices of GLL in New York, at 206 E. Jericho Turnpike, Mineola, NY.

3   While at GLL's offices, the founder and Chief Executive Officer of GLL, George Geffen, introduced Konka to GLL employee Daniel Yu, who was part of a China based team evaluating potential partners and products for sale in the United States.

4   One of Konka's products is LED lighting panels, which are produced in Huizhou, China and sold on to end users and distributors worldwide. GLL expressed an interest in purchasing Konka's products.

5   Thereafter, GLL obtained Konka's products in specimen form and examined them at GLL's facility in Shenzhen, China. GLL confirmed that the quality of the product was good and began to order products. GLL provided written purchase orders for product, and the product was shipped FOB Nanjing to GLL in New York. GLL took possession of the product and began to sell the product to its customers as part of its regular business.

6   During the time that GLL purchased product from Konka, Konka was protected against default by China Export and Credit Insurance Corporation and a program called Sinosure. That program would vet potential buyers and provide protection against default up to specified amounts. However, GLL wanted to buy more of Konka's products than the specified amount.

7    In order to qualify for Sinosure, Daniel Yu, in the course and scope of his employment with

GLL, told Konka that GLL had two affiliate companies – JED Lights, Inc. and InStyle USA,

INC. – that could qualify for Sinosure and for which GLL had authorized Daniel Yu to make

additional purchases from Konka.

8    Daniel Yu then proceeded to submit additional Purchase Orders from the purported GLL-

affiliates JED Lights, Inc. and Instyle USA, INC. to Konka calling for delivery of additional

Konka products to GLL's New York office.

9    On information and belief, Daniel Yu was acting in concert with officers, managers, and

directors of GLL in order to obtain additional Konka product for sale.

10   On information and belief, Daniel Yu was never authorized to act for JED Lights, Inc. or Instyle

USA, INC., misrepresented his authority to Konka, forged Purchase Orders submitted to Konka,

and tricked Konka into selling additional product.

11   GLL did not pay Konka for the product it received. The contract value of unpaid merchandise is

$1,923,812.00, less payments of $105,750.00. Following an extended period of nonpayment,

Konka held delivery of the last shipment of products. The value of product not delivered was

$208,125.00. The amount GLL owed as a matter of simple contract is $1,609,963.

12   Sinosure refused to honor the JED Lights, Inc. and InStyle USA, INC. Purchase Orders as a

result of the misrepresentations made by GLL, Daniel Yu, and Michael Kwang.

**JURISDICTION AND VENUE**

13   This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1332.

14   Personal jurisdiction over defendants is proper pursuant to N.Y. C.P.L.R. § 302(a). Upon

information and belief, defendants regularly solicited business in the State of New York and in

this District, transacted business in the State of New York and in this District, wrongfully caused

injury to Konka in the State of New York and in this District, and derived substantial revenue

2

from interstate commerce. In particular, without limitation and upon information and belief, defendant GLL, of which George Geffen, Richard Geffen and Marvin Yu were at all relevant times officer and employee, has purchased Konka's products and the products of other foreign corporations and conducted business operations including but not limited to product evaluation, sales, purchasing, and finance in New York and across state borders. Furthermore, the successors of Defendant GLL – General LED Corp., NRG Technologies USA, Inc., and ECO LED INC., are corporate entities incorporated in New York.

15   Venue in this Court is proper under 28 U.S.C. § 1391(b), (c) and (d), because a substantial part of the events and omissions giving rise to the claims occurred in this District and because defendant are subject to personal jurisdiction in this District.

## THE PARTIES

16   GLL, full name Green Logic LED Electrical Supply, Inc., is a New York Corporation that maintained, owned, leased, rented, or otherwise controlled at all times relevant to this Compliant office, storage or other space located at (i) 75 Marine Street, Farmingdale, New York 11735 (the "Farmingdale Head Office," currently identified on GLL's corporate website GLLUSA.com (last visited on February 7, 2019) as GLL's "Head Office"), (ii) 206 E. Jericho Turnpike, Mineola, New York11501 (the "Mineola Office"), and (iii) 307 West 36th Street, #2, New York, New York 10018 (the "Manhattan Office").

17   General LED Corp. is a New York corporation located at 206 East Jericho Turnpike, Mineola, NY 11501.

18   NRG Technologies USA, Inc. is a New York corporation located at 10 August Lane, Old Westbury, NY 11568.

3

19   Konka, full name Anhui Konka Green Lighting Co., Ltd., is a company domiciled in China. It maintains a facility at No. 2145 Hudong South Road, Yushan Area, Ma'anshan, Anhui Province, China.

## THE BUSINESS RELATIONSHIP

20   On or about February 13, 2017, Mr. Yidi Zhang and Mr. Ling Liu from Konka visited the offices of GLL at 206 E. Jericho Turnpike, Mineola NY. In the GLL office, Konka had an initial business meeting with George Geffen. George Geffen introduced Daniel Yu to Konka, saying Daniel Yu was one of GLL's business operations leaders responsible for vendors and sourcing for GLL. During the visit, Yidi Zhang, George Geffen, Daniel Yu, and Ling Liu had a conference call together during which George Geffen confirmed GLL employed Daniel Yu and authorized Daniel Yu to enter into contracts on behalf of GLL.

21   Thereafter in February 2017, after the meeting in Mineola, Daniel Yu and his associate Michael Kuang, who was also a GLL employee, visited Konka's Huizhou factory. GLL requested, and Konka sent panel light samples to GLL's Shenzhen office for evaluation.

22   On or about February 24, 2017, GLL started to issue Purchase Orders to Konka through TradeGecko, an electronic portal for the verification and management of supply chains and purchases. Each purchase order was sent to and received on behalf of Konka by Ling Liu via email at Ben.liu@konkagreenlighting.com. At this time, Konka received Purchase Orders numbered 10137, 10138, 10139, 10140, 10141, 10142, 10143, 10144. Each Purchase Order identified specific Konka products, stated a particular quantity of Konka products to be purchased, a particular purchase price per quantity, and the total amount to be paid to Konka for the order. On or about April 26, 2017, Konka received additional purchase orders 10155 and 10159, as described below. On or about June 15, 2017, Konka received purchase orders 10162 and 10163, as described below.

4

a. Purchase Order 10137 called for the shipment of a total of 14,492 items and payment to Konka in the amount of $356,784.00 plus 5.9% import tax.

b. Purchase Order 10138 called for the shipment of a total of 2,546 items and payment to Konka in the amount of $58,788.00 plus 5.9% import tax.

c. Purchase Order 10139 called for the shipment of a total of 4,200 items and payment to Konka in the amount of $117,600.00 plus 5.9% import tax.

d. d. Purchase Order 10140 called for the shipment of a total of 4,200 items and payment to Konka in the amount of $117,600.00 plus 5.9% import tax.

e. Purchase Order 10141 called for the shipment of a total of 23,794 items and payment to Konka in the amount of $584,668.00 plus 5.9% import tax.

f. Purchase Order 10142 called for the shipment of a total of 5,092 items and payment to Konka in the amount of $117,576.00 plus 5.9% import tax.

g. Purchase Order 10143 called for the shipment of a total of 4,200 items and payment to Konka in the amount of $117,600.00 plus 5.9% import tax.

h. Purchase Order 10144 called for the shipment of a total of 4,200 items and payment to Konka in the amount of $117,600.00 plus 5.9% import tax.

i. Purchase Order 10155 called for the shipment of a total of 42,138 items and payment to Konka in the amount of $798,351.00 plus 5.9% import tax. As described below, this Purchase Order was styled as a Purchase Order by "Instyle USA, INC.," but called for delivery to GLL. Konka shipped the products to GLL and the products were accepted by GLL.

j. Purchase Order 10159 called for the shipment of a total of 14,126 items and payment to Konka in the amount of $360,213.00 plus 5.9% import tax. As described below, this Purchase Order was styled as a Purchase Order by "JED Lights, Inc.," but called for delivery to GLL. Konka shipped the products to GLL and the products were accepted by GLL.

k. Purchase Order 10162 called for the shipment of a total of 36,494 items and payment to Konka in the amount of $756,885.00 plus 5.9% import tax.

l. Purchase Order 10163 called for the shipment of a total of 746 items and payment to Konka in the amount of $15,465.00 plus 5.9% import tax.

m. GLL, Yu or agents acting on their behalf submitted each Purchase Order to Konka through the online ordering system "TradeGecko" as agreed between the parties.

23   On or about March 5, 2017 Daniel Yu modified these orders. On behalf of GLL, Daniel Yu consolidated certain Purchase Orders without changing the overall requirements. Purchase Orders 10138, 10139 and 10140 were combined into Purchase Order 10137. Purchase Orders 10142, 10143 and 10144 were combined in Purchase Order 10141.

24    Over the course of February and March 2017, Konka notified GLL that Konka accepted GLL's

      Purchase Orders and thereafter, Konka shipped the quantity of products that GLL requested in

      each Purchase Order in reliance on terms in each Purchase Order obligating GLL to pay in full

      the cost, including import taxes, of each Purchase Order within thirty-five (35) days of shipment

      FOB Port of Nanjing.

25    In or about March 2017, Michael Kuang came to a Konka factory to inspect the first batch of

      products. Michael Kuang started to discuss GLL's intention to submit additional Purchase

      Orders. Konka raised with Michael Kuang certain restrictions from the China Export and Credit

      Insurance Corporation - Sinosure – which would act as a limit on the amount of product GLL

      could order and have filled by Konka without upfront payment.

26    On or about March 25, 2017, Michael Kuang provided the company information of "In Style

      USA, INC." to Konka and requested that Konka submit "In Style USA, INC." to the China

      Export and Credit Insurance Corporation for Sinosure credit line application purpose. On or

      about the same date, during a business meeting conducted over the internet platform "WeChat,"

      Daniel Yu and Michael Kuang also represented that Mr. Daniel Yu or his family owned "In Style

      USA, Inc.," that "In Style USA, INC." was a corporate affiliate of GLL, and that GLL and its

      affiliate "In Style USA, INC." authorized Daniel Yu to conduct business on behalf of "In Style

      USA, INC."

27    On or about March 25, 2017, via electronic correspondence, Daniel Yu, in the course and scope

      of his employment with GLL, represented to Konka that GLL-affiliate "In Style USA, INC."

      desired to import LED lights. This representation was false. Daniel Yu knew that this

      representation was false when he made it. The representation was made to induce Konka to ship

      additional products to GLL on credit, for which Daniel Yu knew Konka would not be paid.

6

28    On or about March 25, 2017, via electronic correspondence, Michael Kuang, in the course and

       scope of his affiliation with GLL, represented to Konka that GLL-affiliate "In Style USA, INC."

       desired to import LED lights. This representation was false. Michael Kuang knew that this

       representation was false when he made it. The representation was made to induce Konka to ship

       additional products to GLL on credit, for which Michael Kuang knew Konka would not be paid.

29    On information and belief, Michael Kuang and Daniel Yu falsified GLL purchase orders to

       appear as though they were authorized by GLL-affiliate "In Style USA, INC." with an intent to

       defraud Konka into delivering additional products to GLL's office in New York.

30    On or about April 20, 2017, Michael Kuang provided the company information of "JED Lights,

       Inc." to Konka and requested that Konka submit "JED Lights, Inc." to the China Export and

       Credit Insurance Corporation for Sinosure credit line application purpose. On or about the same

       date, during a business meeting conducted over the internet platform "WeChat," Daniel Yu and

       Michael Kuang also represented that Daniel Yu or his family owned "JED Lights, Inc.," that

       "JED Lights, Inc." was a corporate affiliate of GLL, and that GLL and its affiliate "JED Lights,

       Inc." authorized Daniel Yu to conduct business on behalf of "JED Lights, Inc.".

31    On or about April 20, 2017, Daniel Yu, in the course and scope of his employment with GLL,

       represented to Konka that GLL-affiliate "JED Lights, Inc." desired to import LED lights. This

       representation was false. Daniel Yu knew that this representation was false when he made it. The

       representation was made to induce Konka to ship additional products to GLL on credit, for which

       Daniel Yu knew Konka would not be paid.

32    On or about April 20, 2017, Michael Kuang, in the course and scope of his employment with

       GLL, represented to Konka that GLL-affiliate "JED Lights, Inc." desired to import LED lights.

       This representation was false. Michael Kuang knew that this representation was false when he

7

made it. The representation was made to induce Konka to ship additional products to GLL on credit, for which Michael Kuang knew Konka would not be paid.

33    On information and belief, Michael Kuang and Daniel Yu falsified GLL purchase orders to appear as though they were authorized by GLL-affiliate "JED Lights, Inc." with an intent to defraud Konka into delivering additional products to GLL's office in New York.

34    In furtherance of this fraud, in April 2017, GLL submitted to Konka additional Purchase Orders 10155 and 10159 that Michael Kuang and Daniel Yu modified to identify "INSTYLE USA, C/O GLLUSA" and "JED LIGHTS, C/O GLLUSA."

35    In reliance upon the representations of Daniel Yu and Michael Kuang, made in their capacities as employees or officers or agents of GLL, Konka submitted "In Style USA, Inc." and "JED Lights, Inc." to the Sinosure program.

36    On or about April 26, 2017, Daniel Yu, through his company's email box, modified GLL's Purchase Orders to indicate that GLL Purchase Orders were, in fact, coming from "Instyle USA, Inc." and "JED Lights, Inc." as part of his continuing scheme and plan to benefit GLL by deceiving Konka.

37    On or about June 16, 2017, GLL issued Purchase Order 10162 and Purchase Order 10163 to Konka.

38    In reliance on Purchase Orders Daniel Yu and Michael Kuang submitted to Konka calling for delivery in New York to GLL at its Farmington Office and Mineola Office, Konka shipped products valued on the purchase orders and agreed between the parties at $796,422.00. GLL received and accepted these shipments, including all products, at GLL's Farmington Head Office and Mineola Office.

39   In reliance on Purchase Orders Daniel Yu and Michael Kuang submitted to Konka calling for
     delivery in New York to GLL at its Farmington Office and Mineola Office, Konka shipped
     products valued on the purchase orders and agreed between the parties at $796,422.00. GLL
     received and accepted these shipments, including all products, at GLL's Farmington Head Office
     and Mineola Office.

40   In reliance on Purchase Orders Daniel Yu and Michael Kuang submitted to Konka calling for
     delivery (i) almost exclusively to GLL's Manhattan Office fabricated to be for "INSTYLE USA,
     C/O GLLUSA" and (ii) to GLL's Farmingdale Head Office fabricated to be for "IN STYLE
     USA INC," Konka shipped products valued on the purchase orders and agreed between the
     parties at $775,735.00. GLL received and accepted these shipments, including all products, at
     GLL's Manhattan Office and Farmington Head Office. Konka would not have shipped these
     products but for the false representations by Daniel Yu and Michael Kuang, made on behalf of
     GLL, that are described herein.

41   In reliance on Purchase Orders Daniel Yu and Michael Kuang submitted to Konka calling for
     delivery to GLL's Manhattan Office fabricated to be for "JED LIGHTS, C/O GLLUSA," Konka
     shipped products valued on the purchase orders and agreed between the parties at $351,645.00.
     GLL received and accepted these shipments, including all products, at GLL's Manhattan Office.
     Konka would not have shipped these products but for the false representations by Daniel Yu and
     Michael Kuang, made on behalf of GLL, that are described herein.

42   On June 20, 2017, Konka received a partial payment from GLL in the amount of $54,750.00. On
     June 26, 2017, Konka received a partial payment from GLL in the amount of $51,000.00.

43   Konka reasonably relied Mr. Yu's and Michael Kuang's representations about and authority to
     act on behalf of GLL and the Fabricated Affiliates.

44   GLL never paid the remaining money due to Konka, despite repeated promises and requests
     since June 2017. Sinosure refused to pay Konka based on its policies because "Instyle USA,
     INC." and "JED Lights, Inc." did not actually receive the products, GLL received the products.

45   GLL has destroyed or concealed all its records of where the products were distributed, how much
     profit they gained, which customers made complained about the products and how the products
     were disposed.

46   On August 7, 2019, Plaintiff propounded Request for Production, Set One, including requests to
     identify GLL's principal, agents, employer and employees, as well as GLL's corporate hierarchy,
     organization structure and formality. GLL did not product any records related to these requests
     and suggested it was out of business.

47   On October 18, 2019, GLL submitted interrogatory responses that it was owned by Richard
     Geffen and George Geffen.

48   On January 27, 2020, George Geffen in a deposition stated he was the president of GLL, GLL
     had not plans to declare bankruptcy, and GLL was going to continue doing business.

49   On January 31, 2020, GLL's counsel represented to the Court that GLL was in business. At the
     same hearing GLL's counsel then changed GLL's position drastically without any apparent
     reason, stated that GLL was out of business, and there was a successor in interest to GLL, which
     was "GLL USA" (also called "General LED Corp").

50   On February 7, 2020, at another court hearing, George Geffen claimed that Marvin Yu was the
     prior owner of GLL. He also claims he sold GLL to General LED Corp. He also claims that he
     bought Green Logic ("GLL") "to make" General LED Corp. Furthermore, he claimed he was the
     president of NRG Technologies USA, Inc.

51    On May 31, 2020, GLL's Rule 30(b)(6) witness confirmed that General LED Corp. went out of

       business and became NRG Technologies USA, Inc., located at <u>75 Marine Street</u>, which suggests

       NRG Technologies USA, Inc. is the successor to GLL's successor General LED Corp.

### FIRST CLAIM - BREACH OF CONTRACT (AGAINST GLL)

52    Konka incorporates by reference the allegations of paragraphs 1-42 into this cause of action as

       though fully set forth here.

53    Konka offered its products for sale according to its standard prices, terms and conditions of sale

       that Konka made available to GLL on or before February, 2017.

54    GLL accepted Konka's offer by issuing specific Purchase Orders – Nos. 10137, 10138, 10139,

       10140, 10141, 10142, 10143, 10144, 10155, 10162, and 10163, as identified in Paragraph 22,

       above – to Konka for the purchase of specific quantities of Konka products.

55    Each Purchase Order documented the quantity of products GLL requested to purchase from

       Konka, Konka's pricing for the requested products, and terms for shipment, delivery, and

       payment.

56    Each Purchase Order, together with Konka's standard terms and conditions of sale, documented

       the contract between Konka and GLL for the purchase and sale of products for the quantity of

       products requested.

57    Each Purchase Order originated in and called for performance in the State of New York,

       substantially within the jurisdictional boundaries of the Southern District of New York.

58    Konka has performed all of its obligations under each Purchase Order and its standard terms and

       conditions of sale, except those obligations excused by conduct of GLL or its agents.

59    In reliance on each Purchase Order, Konka shipped to GLL for delivery to GLL in New York the

       quantity of products specified in each Purchase Order.

60    GLL accepted delivery in New York of each shipment from Konka of the quantity of products requested in each Purchase Order.

61    GLL never refused delivery of any shipment, or refused or returned any product, that Konka delivered to GLL in New York in reliance on the Purchase Orders.

62    GLL is in possession of, or has sold, transferred or otherwise relinquished control to a third-party without payment to Konka or Konka's authorization, all products Konka shipped and delivered to GLL in New York in reliance on the Purchase Orders.

63    The Purchase Orders obligated GLL to pay a total $1,923,802.00 within thirty-five (35) days of Konka's shipment. Following an extended period of nonpayment, Konka held delivery of the last shipment of products. The value of product not delivered was $208,125.00.

64    To date, GLL has paid Konka only $105,750.00 for all products Konka delivered to GLL in New York in reliance on the Purchase Orders.

65    GLL failed to pay Konka $1,609,963.00 for products Konka delivered to GLL in New York in reliance on the Purchase Orders.

66    GLL breached its contract with Konka by accepting delivery in New York of products Konka shipped in reliance on the Purchase Orders and failing to pay the amounts due under the Purchase Orders.

67    By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,609,963.00.

## SECOND CLAIM – FRAUD (AGAINST GLL)

68    Konka incorporates by reference the allegations of paragraphs 1-57into this cause of action as though fully set forth here.

69    At all relevant times, Daniel Yu and Michael Kuang were employees and officers of GLL, holding themselves out to Konka as authorized by GLL to act on its behalf.

12

70    Daniel Yu and Michael Kuang falsely represented to Konka that GLL authorized Daniel Yu and
      Michael Kuang to act on behalf of the Fabricated Affiliates to bind the Fabricated Affiliates to
      product purchase orders with Konka.

71    Daniel Yu and Michael Kuang were aware the foregoing representations were false when made
      to Konka, yet made the representations to benefit GLL and with GLL's support and knowledge,
      including the support and knowledge of George Geffen.

72    In reliance on the foregoing false representations, Daniel Yu and Michael Kuang, with George
      Geffen's knowledge, submitted fabricated product Purchase Orders on behalf of the Fabricated
      Affiliates to Konka.

73    Daniel Yu, Michael Kuang, and George Geffen knew that Konka would rely on the foregoing
      false representations to fulfill the product Purchase Orders received from the Fabricated
      Affiliates that required delivery to GLL in New York.

74    Daniel Yu and Michael Kuang made, and George Geffen was aware they were making, the
      foregoing false representations with the intention of securing delivery of additional Konka
      products in New York without payment to Konka.

75    In reliance on the foregoing false representations to Konka, Konka agreed to ship and later
      delivered to GLL in New York $1,127,380.00 of Konka products. Konka would not have
      shipped these products but for the false representations by Daniel Yu and Michael Kuang, made
      on behalf of GLL.

76    GLL ratified the foregoing false representations and the Fabricated Affiliates' Purchase Orders
      by accepting delivery from Konka in New York of products delivered in fulfillment of the
      Fabricated Affiliates' Purchase Orders.

77   Despite accepting delivery from Konka in New York of products delivered in fulfilment of the Fabricated Affiliates' Purchase Orders, GLL has failed or refused to pay Konka for such products.

78   By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but not less than $1,127,380.00.

### THIRD CLAIM – QUANTUM MERUIT (AGAINST ALL DEFENDANTS)

79   Except as regards the written contract pled in the alternative, Konka incorporates by reference the allegations of paragraphs 1-80 into this cause of action as though fully set forth here.

80   Konka delivered products in good faith to GLL in New York. Konka expected in good faith that GLL would pay the full fair market value of all products Konka delivered to GLL and GLL accepted.

81   The fair market value of all products Konka delivered to GLL in New York is at least $1,818,052.00.84.

82   GLL accepted each delivery, including all products, of each shipment of products by Konka in New York in the ordinary course of business.

83   GLL never refused or rejected any shipment, or any product contained in any shipment, of products from Konka to GLL in New York.

84   GLL is in possession of, or has sold, transferred or otherwise relinquished control of, all products Konka delivered to GLL in New York, with a fair market value of $1,818,052.00.

85   GLL benefited from and continues to benefit from its receipt and acceptance of the products that Konka delivered to GLL in New York.

86   GLL is obligated to pay Konka the full fair market value of all products that Konka delivered to GLL in New York and GLL accepted.

14

87    GLL has failed to pay Konka the reasonable market value of the products Konka delivered to

      GLL in New York and GLL accepted.

88    GLL admitted Konka's good faith and GLL's obligation to pay Konka the fair market value of

      all products delivered to and accepted by GLL in New York by making a partial payment in the

      amount of $105,750.00.

89    By reason of the foregoing, Konka has been damaged in an amount to be determined at trial, but

      not less than $1,609,963.00.

## FOURTH CLAIM – QUANTUM MERUIT (AGAINST GLL'S SUCCESSORS)

90    Konka incorporates by reference the allegations of paragraphs 1-98 into this cause of action as

      though fully set forth here.

91    In New York State, a successor may be responsible for the predecessor's debts. Based on GLL's

      own admission, General LED Corp. and NRG Technologies USA, Inc. and are successors of

      GLL, and therefore, should be held liable for GLL's debts.

## DEMAND FOR JURY TRIAL

92    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as

      to all issues triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.  as against GLL on the First Claim for Breach of Contract, a judgment awarding Plaintiff:

    a)    compensatory damages in an amount to be determined at trial, but not less than

          $1,609,963.00;

    b)    incidental, consequential, liquidated, and punitive damages in amounts to be determined

          at trial; and

    c) pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

2. as against GLL on the Second Claim for Fraud, a judgment awarding Plaintiff:

    a) compensatory damages in an amount to be determined at trial, but not less than $1,127,380.00;

    b) incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

    c) pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

3. as against all defendants, on the Third Claim for Quantum Meruit, a judgment awarding Plaintiff:

    a) compensatory damages in an amount to be determined at trial, but not less than $1,127,380.00; and

    b) incidental, consequential, liquidated, and punitive damages in amounts to be determined at trial; and

    c) pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial;

4. as against General LED Corp., NRG Technologies Inc., on the Fourth Claim for Successors Liabilities, a judgment awarding Plaintiff:

    (a) compensatory damages in an amount to be determined at trial, but not less than $1,609,963.00; and

    (b) pre-judgment and post-judgment interest at the rate of 9% per annum accruing on an amount and at a date(s) to be determined at trial.

5.      As against all Defendants, a judgment awarding Plaintiff such other and further relief as

this Court deems just and proper.


Respectfully Submitted:


Date: 09/28/2021                                    /s/ Tianyu Ju

                                                    Tianyu Ju
                                                    He Cheng
                                                    Tao Liu
                                                    Wei Yang

                                                    ***Attorneys for Anhui Konka Green
                                                    Lighting Co., Ltd***

17

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this September 28, 2021, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all

counsel of record and interested parties through this system, which will deliver a true and correct

copy of the foregoing documents via CM/ECF.


Date:  09/28/2021 _____        /s/ Tianyu Ju _____
                                                  Tianyu Ju