UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anhui Konka Green Lighting Co., Ltd., | Case No.: 1:18-cv-12255-MKV_KHP |
| Plaintiff, | Judge Honorable Mary Kay Vyskocil |
| v. | Magistrate Judge Honorable Katharine H. Parker |
| Green Logic LED Electrical Supply, Inc., General LED Corp., NRG Technologies USA, Inc. | |
| Defendants. | |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES**

In opposing Plaintiff Anhui Konka Green Lighting Co. Ltd. ("Konka")'s Motion to Dismiss Defendants' Counterclaims and Strike Affirmative Defenses, Defendants Green Logic LED Electronical Supply, Inc. ("GLL"), General LED Corp. ("General LED") and NRG Technologies USA, Inc. ("NRG") made a series of arguments that **(I)** Konka's motion is premature; **(II)** GLL sufficiently plead Counterclaim I breach of merchantability; **(III)** GLL sufficiently plead Counterclaim II Fraud and September 9, 2020 Order should not apply to Fraud claim in that GLL now dropped its breach of contract claim; and **(IV)** Defendants sufficiently plead the affirmative defenses.

However, GLL's newly raised claim of "breach of implied warranty of merchantability" should be rejected because it is outside the scope of Konka's Third Amended Complaint. Since January 17, 2019, GLL unquestionably had ample opportunities to file its counterclaim breach of implied warranty of merchantbility, but intentionally decided to bring it now. Similarly, GLL undeniably had ample opportunities to allege factual allegations to support its fraud claim if there were any. To the contrary, GLL repeatedly allege the identical allegations which had been ruled "far shot of pleading fraud, let alone with particularity as required by Rule 9(b)." [Order and Opinion, ECF No. 212, p. 8].

1

Even if GLL is able to raise a new claim of "breach of implied warranty of merchantability," GLL's newly raised claim and Defendants' fifteen affirmative defenses lack factual support in that Defendants do not allege sufficient facts to support its claim and their affirmative defenses, and that Defendants are prohibited from providing any factual support because of GLL's repeated ignorance of Court Orders. Furthermore, to base the counterclaims and affirmative defenses on the same set of unsupported and insufficient allegations, and to misconstrue September 9, 2020 Order dismissing GLL's Fraud Claim, Defendants are simply bringing counterclaims and affirmative defenses to delay the litigation. As a result, Defendants' retaliatory counterclaims should be dismissed and their affirmative defenses should be striken.

## I. Konka's Motion is timely to avoid undue burden to the Court.

Defendants again raised their argument that Konka's motion is premature for failing to schedule a pre-motion conference. Konka had already addressed the issue in its Letter response to Defendants' Letter to stay Plaintiff's motion to dismiss Counterclaims and Strike affirmative defenses. [ECF No. 270]. At this late stage of present case, filling this motion to dismiss without requesting a pre-motion conference does not prejudice any party as Defendants are only bring counterclaims and affirmative defenses to unduly burden the court and intermeddle with judicial efficacy. In addition, in a pinch of nerve Defendants stated that the Court would have dismissed Konka's claim for breach of contract if the Defendant's motion for summary judgment was decided believing that the Court would automatically rule in their favor. [ECF No. 271]. Defendants simply ignore the fact that Defendants are prohibited from providing any factual support because of GLL's repeated ignorance of Court Orders. Therefore, Defendants' argument should be rejected.

## II. GLL's Counterclaim I Breach of Implied Warranty of Merchantability Does Not State a Plausible Claim for Relief

The implied warranty of merchantability only "provides for a minimum level of quality-that the goods 'are fit for the ordinary purposes for which goods are used.'" *Am. Suzuki Motor Corp. v. Superior*

2

*Court*, 37 Cal. App. 4th 1291, 1296 (Cal. Ct. App. 1995); *Cosy Goose Hellas v. Cosy Goose USA, Ltd.*, 581 F. Supp. 2d 606, 625 (S.D.N.Y. 2008) (the implied warranty of merchantability "does not mean that the product will fulfill a buyer's every expectation"); *Feinstein v. Firestone Tire and Rubber Co.*, 535 F. Supp. 595, 602 (S.D.N.Y. 1982) (the standard for merchantability is quite forgiving-so long as a product serves its "ordinary purpose" it will be deemed merchantable).

GLL, in its Counterclaim, repeatedly alleges conclusory allegation that Konka's Goods were Defective that Konka used below grade plastics, and that Konka used below grade power supplies. [Answer, Counterclaims, ECF No. 262, ¶¶ 102, 107]. However, without providing specific facts as to how the goods were not designed for its ordinary use, GLL failed to provide the type of factual detail necessary to sustain its claim.

Similar to defendants in *Hollman*, here, GLL "seeks to add nothing of substance regarding the key facts relevant to the breach of implied warranty allegations "showing" that the product was not reasonably fit for its intended purpose, an inquiry that focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners." *Hollman v. Taser Int'l, Inc.,* 928 F. Supp. 2d 657, 681 (E.D.N.Y. 2013). *Babayev v. Medtronic, Inc.,* 228 F. Supp. 3d 192, 216 (E.D.N.Y.2017) (dismissing breach of implied warranty of merchantability claim where "Plaintiff conclusory allege[d] that the System and/or its components were defective or adulterated" but failed to "allege plausible facts that even suggest the nature of the defect or adulteration."); *Reed v. Pfizer, Inc.,* 839 F. Supp. 2d 571, 579 (E.D.N.Y 2012) (dismissing breach of implied warrant, citing plaintiffs' "unsupported conclusions that [the product] differed in some defective manner from what was warranted [which] lack[ed] the required factual content identifying that difference and making its existence plausible.

In addition, GLL also failed to allege with specificity to state the claim for breach of implied warranty of merchantability required by the standards set in *DiBartolo v. Abbot Labs* 914 F. Supp. 2d 601, 627 (S.D.N.Y. 2012). In *DiBartolo,* the standards required for a claim for breach of the implied

3

warranty of merchantability is that the party needs to allege particularized specific facts. *Id*. GLL's allegation-if taken as true- fails to alleged particularized, specific facts as to how Konka's products breached the implied warranty of merchantability.

As stated above, the standard "does not require that the goods be perfect" or that they "fulfill a buyer's every expectation." *Caronia v. Philip Morris United States, Inc.*, 715 F.3d 417, 433 (2d Cir. 2013) (internal citations omitted). Rather, it "requires only that the goods sold be of a minimal level of quality." *Id*. Therefore, GLL's failure to provide record of below grade products is without allegation of how the product was not reasonably fit for its intended purpose, or how it failed to be of a minimal level of quality, fails to state a cause of action for breach of the implied warranty of merchantability. Thus, GLL's counterclaim for breach of implied warranty of merchantability must be dismissed.

### III.    GLL Misconstrued the September 9, 2020 Order and Failed to Plead its Counterclaim II Fraud to Meet Pleading Burden of Rule 8 and 9.

GLL argues that their fraud claims are not duplicative or based on the breach of contract claim and state a claim for which relief can be granted. [Opposition, ECF No. 271-4, p. 8]. However, Defendants copied the same exact counterclaims accompanying with the identical facts from GLL's answer to Konka's SAC. [Memo re. Konka's Motion to Dismiss, ECF No. 268, p. 12]. In addition, GLL misconstrued the Court's Order alleging that the Court Order dated September 9, 2020 should not be applied since GLL now no longer alleges breach of contract claim.

This Court dismissed GLL's counterclaim of Fraud in that "it failed to allege conduct independent of a contract and failed adequately to plead fraud." [Memo re. Konka's Motion to Dismiss, ECF No. 268, p. 12, citing Order and Opinion, ECF No. 212, pp. 6-9]. This Court also determined that Defendant did not show how the behavior was fraudulent and failed to plead fraud with particularity-- and granted Konka's Motion to Dismiss. *Id*. Furthermore, the Answer to Third Amended Complaint does not detail any instances of fraud sufficient to meet the minimal pleading burden of Rule 8, let alone Rule 9(b).

Since GLL's arguments are obviously flawed, GLL failed to plead Counterclaim Fraud. Consequently, GLL's Counterclaim Fraud must be dismissed.

### IV. The Affirmative Defenses are Insufficient and Prejudicial to Konka

Motions to strike "are… granted [when] it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation. *Lennon v. Sewman*, 63 F. Supp. 2d 428, 446 (S.D.N.Y 1999). As stated by the Court in *Murcia v. County of Orange*, 226 F. Supp. 2d, 489 (S.D.N.Y 2002)"… where there exists no questions of law or fact that would allow the defense to succeed and inclusion of the defense would be prejudicial [such defenses] must be stricken." *Murcia* at 489 [emphasis added, internal citations omitted].

In this case, there exists no questions of law or fact that would allow Defendants to succeed on their affirmative defenses. Konka would be greatly prejudiced if these defenses are not stricken as it would be forced to expend time and resources re-litigating these frivolous defenses. *See Federal Deposit Ins. Corp v. Eckert Seamans Cherin & Mellot*, 754 F. Supp. 22 (E.D.N.Y 1990)(When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigation the invalid claim."); *see also Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D 269 (S.D.N.Y 1999)("[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion); *see also Metric Hosiery Co., v. Spartans Indus., Inc.*, 50 F.R.D 50, 51-52(S.D.N.Y 1970).

The issues here are straightforward and simple. Neither affirmative defenses asserted by Defendant raises any substantial question of law or issue of disputed fact that would warrant its inclusion in this litigation and are solely raise in an impermissible effort to unduly burden this court and intermeddle with judicial efficacy.

### V. CONCLUSION

For the reasons set forth herein and, in its Motion to Dismiss Defendants' Counterclaims and Motion to Strike all Affirmative Defenses, Konka respectfully requests that this Court grant its Motion

5

to Dismiss Defendants' Counterclaims and Motion to Strike all Affirmative Defenses in its entirety.

Dated: December 3, 2021     GLACIER LAW LLP

By: /s/Tianyu Ju
Tianyu Ju
He Cheng
Tao Liu
Wei Yang

200 Park Ave, Suite 1703
New York, New York 10166
Tel.: (332) 208-8882
iris.ju@glacier.law
robin.cheng@glacier.law
tao.liu@glacier.law
wei.yang@glacier.law
**Attorneys for Plaintiff**