UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANHUI KONKA GREEN LIGHTING CO., LTD.,

       Plaintiff,

 -v-                                                          No.   18-CV-12255-LTS-KHP

GREEN LOGIC LED ELECTRICAL
SUPPLY, INC., et al.,

       Defendants.

-------------------------------------------------------x

## ORDER

       Before the Court is Defendants' motion for reconsideration of the Court's September 6, 2022, Memorandum Opinion and Order granting Plaintiff's motion for partial summary judgment and granting Plaintiff's motion to dismiss Defendants' counterclaims.  (See docket entry no. 273.)

       "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." MPD Accessories B.V. v. Urban Outfitters, Inc., No. 12-CV-6501-LTS-KNF, 2014 WL 3439316, at *1 (S.D.N.Y. July, 15 2014) (internal quotation marks omitted).  To prevail on a motion for reconsideration, the movant must point to an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Nguyen v. MaxPoint Interactive, Inc., No. 15-CV-6880-LTS, 2017 WL 3084583, at *1 (S.D.N.Y. 2017) (quoting Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a second bite at the apple." Cohen v. New York City Dep't of Educ., No. 19-CV-3863-LTS-SDA, 2021 WL 2158018, at *2 (S.D.N.Y. May 26, 2021) (quoting Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)).  To the contrary, reconsideration is not generally warranted "[u]nless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court[.]" Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995)).

        First, Defendants argue that the Court erred in granting Plaintiff's motion for summary judgment as to its breach of contract claim.  Defendants assert that the Court "over looked that, after the purchase orders were issued. (sic) Green Logic discovered terms and conditions in documents produced by Konka that Konka purported to be part of the parties agreement[,]" and that, because Defendants were unaware of these terms and conditions at the time in which they purchased Konka's lights, the parties never entered into enforceable purchase agreements.  (Docket entry no. 274 at 1-3.)  The Court in fact examined and discussed these arguments, in depth, in connection with its resolution of the parties' cross-motions for summary judgment.  (See docket entry no. 273 at 9-12; see id. at 12 (finding that Defendants' argument "that there was no agreement [was] misguided and amount[ed] to an attempt to leverage a document[, namely the terms and conditions] obtained in discovery to avoid the payment obligations set forth in the purchase orders . . . issued").)  Defendants' insistence otherwise is frivolous and a waste of judicial resources.  See In re Pfizer Inc. Securities Litig., No. 04-CV-9866-LTS-DCF, 2008 WL 11389170, at *1 (S.D.N.Y. Sept. 4, 2008) ("Defendants' motion is an attempt to relitigate issues that the Court has already considered and decided, amounting to an improper 'second bite' [of the apple].").  Because the Court declines to

reconsider its decision granting Plaintiff's motion for summary judgment as to its breach of contract claim, it similarly denies Defendants' request to reconsider its decision to award damages in connection with such claim against Defendants' successors in interest.

Second, Defendants argue that the Court "erred in dismissing [Defendants'] counterclaim" because "motions for summary judgment are not a proper vehicle for dismissing claims for failure to state." (Docket entry no. 274 at 4.) The Court, however, dismissed Defendants' counterclaims pursuant to its decision granting Plaintiff's motion to dismiss the counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket entry no. 273 at 20-26.) The Court, accordingly, applied the appropriate standard for evaluating a motion to dismiss, not a motion for summary judgment, in order to examine the sufficiency of Defendants' allegations. (Id.) Therefore, Defendants have failed to establish that the Court erred by applying an incorrect legal standard.

For the foregoing reasons, Defendants' motion for reconsideration is denied. This order resolves docket entry nos. 275 and 277. As stated in the Court's Memorandum Opinion and Order, the parties are directed to file a status update, addressed to Magistrate Judge Parker, by October 7, 2022. (Docket entry no. 273 at 31-32.)

SO ORDERED.

Dated: September 27, 2022
       New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge