UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ANHUI KONKA GREEN LIGHTING CO., LTD.,

       Plaintiff,

   -against-

GREEN LOGIC LED ELECTRICAL SUPPLY, INC., GENERAL LED CORP., NRG TECHNOLOGIES USA, INC.,

       Defendants.
-------------------------------------------------------X

Index No. 18-CV-12255 (MKV)(KHP)

# DEFENDANTS' MOVING BRIEF

Richard Pu, Esq.
120 E. 90th St., 10C
New York, NY  10128
(212) 427-3665 (o)

Table of Contents

Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      1.      The Buy/Sell Relationship . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      2.      The Role of Sinosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      3.      Plaintiff Wished to Do More Business with Green Logic, which would Cause Green Logic's Unpaid Balance with Plaintiff to Exceed the Threshold. . . . . . . . . 5

      4.      Plaintiff's Claim for Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      5.      Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I--     DEFENDANTS' MOTION MUST BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . 8

      1.      Plaintiff's Fraud Claim must be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            a.      The Five Elements of Common Law Fraud . . . . . . . . . . . . . . . . . . . . . . . 8

            b.      Plaintiff can not Show Reasonable Reliance . . . . . . . . . . . . . . . . . . . . . . . 8

      2.      The Law does not Permit the Recovery of Punitive Damages for Fraud except under Circumstances not Present Here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      3.      The Nature of Yu's Conduct was not such as to Warrant the Imposition of Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            a.      Governing Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            b.      Yu's Conduct did not Exhibit the Qualities Required by the Caselaw to Impose Punitive Damages
                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Table of Authorities

Carling v. Peters, 2013 WL 865822 p. 8 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Crigger v. Fahnestock and Co., Inc., 443 F.3d 230, 234 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 8

Green v. Leibowitz, 118 A.D.2d 756, 758, 500 N.Y.S.2d 146, 149 (2nd Dept. 1987) . . . . . . . . . . 9

Johnson v. City of New York, 593 F.Supp.3d 58 (S.D.N.Y. 2022) . . . . . . . . . . . . . . . . . . . . . . . 10

Moskowitz v. Masliansky, 198 A.D.3d 637, 639,  155 N.Y.S.3d 414, 418 (2nd Dept. 2021) . . . 10

Schlusselberg v. New York Central Mutual Fire Insurance Company, 206 A.D.3d 682, 682 169 N.Y.S.3d 657, 658 (2nd Dept. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Overview</u>

Defendants move pursuant to FRCP 56 to dismiss Plaintiff's claim for fraud and, in any event, Plaintiff's claim for punitive damages based on Plaintiff's fraud claim. As shown below:

    1. with respect to Defendants' motion to dismiss Plaintiff's claim for fraud, Plaintiff can't show that it reasonably relied on anything that Daniel Yu ("Yu") told them.

    2. with respect to Defendants' motion to dismiss Plaintiff's claim for punitive damages in connection with Plaintiff's claim for fraud:

    a.    the law doesn't permit recovery of punitive damages for fraud claims, except under circumstances not applicable here; and

    b.    even if it did, Green Logic's conduct here– where Green Logic was merely accommodating a request by Plaintiff– did not have the qualities required to warrant the imposition of punitive damages.

Accordingly, Defendants' motions must be granted.

Statement of Facts

1. The Buy/Sell Relationship

Plaintiff Anhui Konka Green Lighting Co., Ltd. ("Plaintiff") is a China-based seller of lighting fixtures and Defendant Green Logic LED Electrical Supply, Inc. ("Green Logic") is a purchaser and reseller of such lighting fixtures. Over the course of several months in 2017, Plaintiff sold to Green Logic, and Green Logic bought from Plaintiff, certain lighting fixtures. 10/20/21 Plaintiff's Rule 56.1 Statement, Paras. 7, 17, Pu Declaration ("Pu Decl."), Exhibit 2.

2. The Role of Sinosure

During the time that Green Logic purchasing product from Plaintiff, Plaintiff was protected against nonpayment by Green Logic by China Export and Credit Insurance Corporation and a program the latter maintained called Sinosure. That program would vet potential buyers and provide protection against default *"up to specified amounts."* Third Amended Complaint Para. 6, Pu Decl. Exhibit 3 (italics supplied). That is, so long as Green Logic's unpaid balance remained below a certain threshold, Sinosure would continue to insure Plaintiff against default by Green Logic. But once Green Logic's unpaid balance with Plaintiff exceeded the threshold, Plaintiff would no longer be protected by Sinosure against non-payment by Green Logic.

3. Plaintiff Wished to Do More Business with Green Logic, which would Cause Green Logic's Unpaid Balance with Plaintiff to Exceed the Threshold

Around 4/18/17, Plaintiff's sales representative Ben Liu suggested to Green Logic's

purchasing agent Daniel Yu, that they sell to Green Logic, only using other companies' names so as to avoid overtly exceeding the threshold. Liu's exchange with Yu, captured in a series of WeChat messages, Pu Decl. Exhibit 4, makes clear that Liu is the instigator of this idea:

    a.    Liu said to Yu:

"Daniel. There are two things about the New PO: 1, need to move some pcs under another company's name for sino insure..."

    b.    But Yu seeks to persuade Liu that that isn't necessary, and that the same result can be achieved by Yu making a payment:

"If you manufacture now, by the time it's time to ship, I would have paid x amount; anyways and therefore the credit will be free by that time."

    c.    But Liu pressures Yu:

"I need to have an answer for China today. That's why I kept calling... [ellipses in original]"

    d.    And Liu wins out:

"Daniel Yu then proceeded to submit additional Purchase Orders from the purported GLL affiliates JED Lights, Inc. and Instyle USA, INC. to Konka calling for delivery of additional Konka products to GLL's New York office." Third Amended Complaint Para. 8, Pu Decl. Exhibit 3.

4.    Plaintiff's Claim for Fraud

For its claim for fraud, Plaintiff alleges that:

"In order to qualify for Sinosure, Daniel Yu, in the course and scope of his employment with GLL, told Konka that GLL had two affiliate companies - JED Lights, Inc. and InStyle USA, INC. - that could qualify for Sinosure and for which GLL had authorized Daniel Yu to make additional purchases from Konka." Third Amended Complaint Para. 7.

As shown below, Plaintiff doesn't allege that JED Lights, Inc. and InStyle USA, Inc. were the same company as GLL– but only affiliates of GLL. Furthermore, they can't allege that they reasonably relied on Yu to tell them that the purchases of an affiliate of GLL would qualify for

Sinosure protection.  Plaintiff doesn't– and can't allege–- that Yu had any familiarity with Sinosure; to state the obvious, it is  Plaintiff itself, a China-based corporation which had had dealings with Sinosure who best knows what Sinosure would accept.

5.  <u>Procedural History</u>

   a.  In a 9/6/22 Decision, the Court held:

"Plaintiff is hereby awarded damages against the Defendants, jointly and severally, in respect of Plaintiff's breach of contract and successor liability claims in the amount of $1,609,963.00, plus 9% prejudgment interest on that amount from December 27, 2018, the date on which the complaint was filed in this action."

9/6/22 Decision 31, Pu Decl. Exhibit 5.

   b.  At a 10/25/22 conference, counsel for Plaintiff and the Court had the following colloquy:

THE COURT:  But you still haven't addressed my question, which was what additional damages stem from this fraud claim?
MR. CHENG:  Monetary damage.
THE COURT:  Punitive damages?
MR. CHENG:  Punitive damages, yes.

10/25/22 Transcript 9, Pu Decl., Exhibit 6.

Thus, the only issues still open appear to be whether Plaintiff has stated a claim for fraud, and if so, whether it can recover punitive damages based on that claim.  As shown below, the answer to both question is "no."

POINT I

DEFENDANTS' MOTION MUST BE GRANTED

Defendants move pursuant to Rule 56 of the FRCP to dismiss Plaintiff's claim for 1) fraud and 2) punitive damages in connection with its claim for fraud.

1. Plaintiff's Fraud Claim must be Dismissed

Plaintiff's fraud claim must be dismissed.

    a. The Five Elements of Common Law Fraud

The elements of a common law claim for fraud are well known:

"Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. See Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir.1997)"

Crigger v. Fahnestock and Co., Inc., 443 F.3d 230, 234 (2nd Cir. 2006).

    b. Plaintiff can not Show Reasonable Reliance

As shown in the WeChat messages quoted above, Plaintiff's Ben Liu was the instigator of the scheme to sell to a buyer other than Green Logic. Statement of Facts 6, supra. That being the case, Plaintiff can't claim to have been deceived by anything that Yu did to accommodate Liu's wishes.

Furthermore, Plaintiff's Third Amended Complaint alleges only JED Lights and InStyle were only affiliates of Green Logic, not Green Logic itself. To get around that, Plaintiff alleges that Yu told Plaintiff that selling to affiliates of Green Logic would suffice. Statement of Facts 6,

supra. But Plaintiff's Third Amended Pleading is barren of any facts suggesting that Yu, who lives in the U.S., had any familiarity with Sinosure such that Plaintiff could reasonably rely on what Yu told them.

Thus, Plaintiff can't show that it reasonably relied on anything that Yu did or said, and Plaintiff's fraud claim must be dismissed. And if Plaintiff's fraud claim must be dismissed, its claim for punitive damages based on the fraud claim must also be dismissed.

2. The Law does not Permit the Recovery of Punitive Damages for Fraud except under Circumstances not Present Here

But even if Plaintiff's fraud claim is not dismissed, the law does not permit the recovery of punitive damages for fraud except under circumstances not present here:

> "although punitive damages are not ordinarily recoverable in an action for fraud, "where the wrong involves some violation of duty springing from a relation of trust or confidence" (Oehlhof v. Solomon, 73 App.Div. 329, 334, 76 N.Y.S. 716), or where there is an abuse of professional status by repeated fraudulent representations (see, Chase Manhattan Bank, N.A. v. Perla, supra, 65 A.D.2d at p. 212, 411 N.Y.S.2d 66), a jury may consider whether the defendant's degree of moral culpability warrants the assessment of punitive damages)"

Green v. Leibowitz, 118 A.D.2d 756, 758, 500 N.Y.S.2d 146, 149 (2nd Dept. 1987). See also, Carling v. Peters, 2013 WL 865822 p. 8 (S.D.N.Y. 2013) ("In the ordinary fraud case, punitive damages are not recoverable").

3. The Nature of Yu's Conduct was not such as to Warrant the Imposition of Punitive Damages

In addition, the nature of Yu's conduct was not such as to warrant the imposition of

punitive damages.

      a.      <u>Governing Law</u>

"Punitive damages are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations'"

<u>Schlusselberg v. New York Central Mutual Fire Insurance Company</u>, 206 A.D.3d 682, 682 169 N.Y.S.3d 657, 658 (2nd Dept. 2022).  See also, <u>Moskowitz v. Masliansky</u>, 198 A.D.3d 637, 639, 155 N.Y.S.3d 414, 418 (2nd Dept. 2021) (""[P]unitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tort-feasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives"); <u>Johnson v. City of New York</u>, 593 F.Supp.3d 58 (S.D.N.Y. 2022)[1] ("Punitive damages are available "when a defendant's conduct is shown to be motivated by an evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").

      b.      <u>Yu's Conduct did not Exhibit the Qualities Required by the Caselaw to Impose Punitive Damages</u>

Here, Yu's conduct did not exhibit the qualities required by the caselaw to impose punitive damages.  All he did was to comply with a request from Plaintiff's Ben Liu.  Accordingly, the Court may not impose punitive damages on Defendants.

<u>CONCLUSION</u>

---

[1] *The quotation is at headnote 16, but the opinion contains no jump pages.*

For the foregoing reasons, Defendants' motions must be granted.

New York, NY
November 30, 2022

\_\_\_/s/ Richard Pu_____
            Richard Pu